No. 13,762.

H. & C. NEWMAN VS. W. O. & C. R. ELDRIDGE.

### SYLLABUS.

1. The prescription to be applied, in any given case, is that established by the law of the forum, and the prescription ordinarily applicable to judgments in this State is ten years, under C. C. 3544. An exception to this rule is established by R. S. 2808, which provides that, where a judgment has been rendered in another State, between parties there residing, and has become barred by the law of such State, and the judgment debtor has thereafter come to Louisiana, the prescription established by the law of the State *a quo* will be applied to such judgment in this State. But, where the judgment debtor comes to this State before the judgment against him is prescribed by the law of the State in which it was rendered, and is here sued on such judgment, the case is not within the exception, and the only prescription to be applied is that established by Article 3544 of the Civil Code. And where the action on the judgment is begun and citation is served within ten years from the rendition of said judgment, the prescription so established is interrupted.

2. Under the Revised Code of Mississippi of 1880, a writ of attachment commands the sheriff, not only to seize the effects of the defendant, but to *summon* the defendant, if he can be found; and, where the return shows that the defendant has been summoned, no further evidence to that effect is required to enable the plaintiff, who obtains a personal judgment upon such summon, to maintain an action in this State upon the judgment so obtained.

3. But where the writ commands the sheriff to summon the firm of A & B (which is composed of A and B), and the return shows that A & B have been summoned, such evidence is insufficient to justify the conclusion that C, a member of A, B & Co. (a firm which had succeeded the firm of A & B), has also been summoned; and hence, an action against "C" cannot be successfully maintained in the courts of this State upon a judgment against "C," where the record contains no other evidence that "C" was summoned.

#### ON REHEARING.

1. Where one commercial firm is cited and another condemned, the judgment is null for want of citation; it is null even as against those members of the condemned firm who happen to be members of the cited firm; and this, although both firms owe the debt.

2. A partnership is a legal entity entirely separate from its members; and two firms are separate legal entities, though one has grown out of the other by the admission of a new member.

APPEAL from the Sixteenth Judicial District, Parish of Tangipahoa.—*Reid, J.*

*Benjamin M. Miller,* for Plaintiffs, Appellants.

*Stephen D. Ellis* and *Robert S. Ellis,* for W. O. Eldridge, Defendant, Appellant.

The opinion of the court was delivered by MONROE, J.

On Rehearing by PROVOSTY, J.

The opinion of the court was delivered by

MONROE, J. This suit was filed in the District Court, March 11, 1897, and there was personal citation upon the two defendants upon the same day. The purpose, as stated in the petition, is to interrupt prescription upon, and to revive and make executory, as against the defendants, a judgment rendered by the Circuit Court of Copiah County, Miss., March 13th, 1890, in favor of the plaintiffs and against Eldridge & Morris and Eldridge, Morris & Co., and W. O. Eldridge, C. R. Eldridge and Isaac Morris. The defendants plead the prescription of seven years, and a general denial. The case was submitted upon a certified copy of the proceedings leading up to the judgment sued on, and the Mississippi Code, of 1880, and there was judgment for plaintiffs as against W. O. Eldridge, but rejecting the demand as against C. R. Eldridge, and both of the parties cast have appealed.

It appears that the firm of Eldridge & Morris, composed of W. O. Eldridge and Isaac Morris, became indebted to the plaintiffs and gave a note and a deed of trust in acknowledgment of, and to secure, said indebtedness. In January, 1890, J. S. Sexton, as attorney for plaintiffs, began an action for the recovery of the debt in question, by filing an affidavit, for a writ of attachment, in which he swears that. "Eldridge & Morris" are justly and truly indebted, etc. And, upon this affidavit, the writ issued, directing the sheriff to attach the said "Eldridge & Morris," by their estate, real and personal, etc., etc., so as to compel the said "Eldridge & Morris" to appear before the Circuit Court, etc.; and to *"summon the said Eldridge & Morris * * * to appear and answer accordingly."* Thereafter, within thirty days, the plaintiffs in said proceeding filed their declaration, in which they alleged that, after the debt sued on had been contracted by the firm of Eldridge & Morris, composed of said W. O. Eldridge and Isaac Morris, C. R. Eldridge was admitted as a partner in said concern, and, in consideration of the interest acquired by him, agreed to be bound by the debts then due, as well as those which might be subsequently

contracted, and that the firm then became, and was known as, Eldridge, Morris & Co., and they prayed judgment accordingly. The sheriff's return upon the writ of attachment was made a few days after the filing of this declaration and shows that he had executed the writ by seizing a lot of merchandise and other personal property, as also the real estate covered by the deed of trust; and that, by virtue of an agreement between the defendants and all of the attaching creditors the merchandise seized, together with certain other property, had been sold. He also recites that he had executed the writ *"by summoning Eldridge & Morris,"* as directed.

Upon the 13th of March, following, the defendants having entered no appearance, judgment was rendered against Eldridge, Morris & Co. as prayed for, and the sheriff was directed to pay over to the plaintiffs the amount realized from the sale of the merchandise, after deducting the costs; and, thereafter, under a writ of *fieri facias,* against Eldridge, Morris & Co., the real estate affected by the deed of trust was sold to satisfy said judgment, and the proceeds were placed to the credit thereof, leaving, however, a large sum still due.

The plea of prescription is urged, upon the ground, that, although the suit upon the judgment so obtained was filed, and citation was served in the District Court of Tangipahoa, within seven years, yet no steps were taken in Mississippi, within that time, to revive said judgment, and that, under the laws of that State, it is prescribed, and hence, that no action will lie on it here.

It is well settled that the rules of prescription to be applied in any given case are those established by the law of the forum (C. P. Art. 13; Lacoste vs. Benton, 3rd Ann. 220; Bacon vs. Dahlgren, 7 Ann. 605); and the prescription ordinarily applicable to judgments in this State is ten years, under C. C. 3544. An exception to this rule is, however, made, by our law, where a judgment has been rendered between persons residing out of the State, and, the same having become barred by the law of the State in which it was rendered and was to be executed, the debtor *subsequently* comes into Louisiana. But, the instant case does not fall within that exception, and the prescription of seven years, established by the law of Mississippi, is, therefore, inapplicable.

R. S. 2808, Walworth vs. Routh, 14 Ann. 205.

It is contended that the judgment sued on has only the effect of a judgment *in rem,* for the reason that it does not appear that the

defendants were cited. The law of Mississippi, in force when the proceeding was conducted (Rev. Code of 1880), provided that (Sec. 2418), in attachment suits the writ should issue on affidavit and bond, and should be *"the leading process of the suit;"* that (2419), it should command the sheriff to attach the defendant by his goods, and to *"summon"* the said defendant; and that (2423), the officer receiving the writ, should *summon* the defendant, if he can be found, to appear and answer the action.

Section 1527 regulates the execution of original process, and Section 1528 provides that, "It shall not be necessary in any case, for the officer who executes any process, to state the particulars of the service, but a general return of "executed," with the date and signature of the officer shall be sufficient." The Sections 1522, 1525, 1526, 2284, to which we are referred by the counsel for defendants, contain provisions, applicable to suits in general, which are controlled by the particular provisions referred to in so far as the attachment proceedings are concerned. In the instant case, the writ, as the law required, directed the sheriff to summon the defendants Eldridge & Morris, and the sheriff, as the law required, actually summoned said defendants and made his return to that effect. Eldridge & Morris, as we have seen, was a firm composed of W. O. Eldridge and Isaac Morris, and, as the sheriff's bill shows service on two defendants, it may be supposed that it was they who were summoned and that personal judgment was properly rendered against them. Feltas vs. Stark, 12 Ann. 799.

There is nothing, however, to show that C. R. Eldridge, who was not a member of the firm of Eldridge & Morris, was ever summoned, and we are of opinion that the present demand, as against him, was properly rejected. "Without service of citation, or appearance, a judgment is, *per se,* of no effect." McNairy and others vs. Bell, 5 R. 418; Morris vs. Bailey, 15 Ann. 2.

The defendants have filed, in this court, a plea of prescription of ten years, but, as the action was begun in the District Court within seven years from the rendition of the judgment sued on, the prescription was effectively interrupted.

Inasmuch as the plaintiffs and the defendant, W. O. Eldridge, have alike, appealed, and neither of them takes anything by such appeal, the costs should be divided. It is, therefore, ordered, adjudged and

decreed, that the judgment appealed from be affirmed, and that the costs of appeal be borne in equal proportions by the appellants, respectively.

PROVOSTY, J., takes no part.

## ON REHEARING.

PROVOSTY, J. This is a suit to revive and make executory in the State a judgment rendered in the State of Mississippi against Eldridge, Morris & Company, once a commercial firm composed of W. O. Eldridge, Isaac Morris and Charley Eldridge. The judgment is not sought to be revived as against Isaac Morris, and it is now finally decided to have been void as against Charley Morris for want of citation; and the question is whether, for the same cause, it was not void as against W. O. Eldridge also.

He was not personally cited, nor was he cited as a member of the firm of Eldridge, Morris & Co. The only citation issued was against the firm of Eldridge & Morris. How this citation was served, whether by handing to W. O. Eldridge, or to his partner, or by being left at the place of business of the firm, and if served in either of the latter forms, whether W. O. Eldridge ever had any personal knowledge of it, does not appear by the record.

The history of the matter is, as follows: The debt was created by the firm of Eldridge & Morris. Thereafter Charley Eldridge was admitted as a member and the firm became Eldridge, Morris & Co. The suit was begun by affidavit for attachment, the petition being filed afterwards. In the affidavit the debt is stated to be due by Eldridge & Morris; and the prayer is that the property of Eldridge & Morris be seized, and that Eldridge & Morris be cited. The names of the partners are not given, nor is there any prayer for the citation of the partners individually. In the petition the allegations are, as follows: That the debt is due by the firm of Eldridge, Morris & Co., composed of W. O. Eldridge, Isaac Morris and Charley Eldridge; that the debt was created by the firm of Eldridge & Morris, and that Charley Morris was afterwards admitted as a partner, and became bound for the debt *in solido* with his partners; and the prayer is, as follows: "Wherefore plaintiffs sue and demand judgment for said sum, interest and costs." A store with contents and a steam cotton gin and other property was seized, but whether the property belonged

to Eldridge & Morris, or to Eldridge, Morris & Co., the record does not show; although the inference would be that it belonged to Eldridge & Morris and had passed to Eldridge, Morris & Co. on the admission of Charley Eldridge into the firm. The property seized was sold by consent of parties, but who are the defendants who thus consented, whether Eldridge & Morris, or Eldridge, Morris & Co., does not appear. None of the defendants made appearance in the suit, the judgment going by default. In the body of the judgment the defendants are not named, but are designated merely as "the defendants;" their identification being left to be inferred from the heading of the document, which is as follows: "H. & C. Newman vs. Eldridge, Morris & Co."

Thus it appears that one firm, Eldridge & Morris, was cited; and another firm, Eldridge, Morris & Co., was condemned. The judgment therefore was rendered against a firm not cited. It was, in consequence, null and void.

That W. O. Eldridge was a member of both firms, and that both firms owed the debt, makes no difference. The question is not one of indebtedness, *vel non,* but of compliance, *vel non,* with the forms of law for bringing a defendant into court. Had the plaintiffs cited W. O. Eldridge personally the case might be different; or even if it were shown that the process addressed to his firm had been served personally on him (Montague vs. Weill & Bro., 30 Ann. 54); but, *non constat,* that he was ever cited, except fictively, by or through the citation on the firm, or that he ever had personal notice of the suit. The firm was a legal entity, entirely separate and distinct from its members; and the two firms, though one had grown out of the other and had in its composition two members, or ex-members, of the other, were entirely distinct and separate legal entities, or persons. (Abat & Generes vs. Penny, 19 Ann. 290; Paradise & Bro vs. Gerson, 32 Ann. 532; Succession of Pilcher, 39 Ann. 362.) A member of a firm cited fictively by the citation of his firm is not, so to speak, personally in court, but only fictively, as a member of the cited firm. He is in court only as he has been cited, that is, fictively, as a legal effect of his membership. Such a citation does not bring him personally into court, nor for all purposes, but only as a component part of the firm, and solely and exclusively for the purpose of answering for the acts of the firm. If it is sought to enforce against him any obligations except those flowing as a legal effect of his membership of the cited

firm, he must be personally cited. If it is alleged that A owes a debt *in solido* with the firm of A B C of which he is a member, and the firm alone is cited, not the individual members, and on the trial it develops that the firm does not owe the debt, but that A alone owes it; it will not be possible to render judgment against A, for he will not have been cited. *Non constat* that he will have had actual notice of the suit, or that if he had had, he would not have been able to exonerate himself from the demand.

The separateness of a firm from the members composing it, is matter of commercial law and of well nigh universal jurisprudence, and we assume that in Mississippi, as in Louisiana, a citation addressed to the firm and returned as having been served, will be considered as having cited the firm alone, and not the individuals composing the firm, except as these members can be made answerable by and through the firm.

Counsel for plaintiff says that: "The attachment affidavit alleges that the firm of Eldridge & Morris is composed of W. O. Eldridge and Isaac Morris." This is a mistake, the names of the partners are not given in the affidavit, nor in the writ, nor in the sheriff's return. In every instance nothing more is given than the name of the firm—Eldridge & Morris. True the firm of Eldridge & Morris is spoken of as "the defendants," but the firm alone being named, and the individuals not being named, this term must be understood as referring to the firm. The presumption, *omnia rite acta,* cannot help the situation, when plainly the court has condemned one firm on a citation issued to another firm.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be set aside in so far as it condemns W. O. Eldridge, and that the suit of the plaintiffs be dismissed at their cost in both courts.