M. Lamadrid & Co., Sucs., Demandantes y Apelantes, *v.* Torrens, Martorell & Co. et al., Demandados y Apelados.

No. 2053.—Resuelto en julio 31, 1920.  Opinión de la corte, pág. 879.

### OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

Mi disentimiento en este caso se funda en el razonamiento de que por regla general un socio individual no puede ser hecho parte en una acción seguida contra la compañía por una obligación de la sociedad, y además que si existe una excepción como la de insolvencia, los demandantes no estaban comprendidos en la excepción.

El artículo 237 del Código de Comercio Español prescribe lo siguiente:

"Los bienes particulares de los socios colectivos que no se incluyeron en el haber de la sociedad al formarse ésta, no podrán ser ejecutados para el pago de las obligaciones contraídas por ella, sino después de haber hecho excusión del haber social."

Según entiendo, la opinión de la mayoría acepta este precepto del Código de Comercio, pero sostiene que no constituye ningún obstáculo para que pueda hacerse parte a un socio colectivo en una acción establecida contra la sociedad. La corte resuelve en efecto, que la sentencia dictada tanto contra la sociedad como contra el socio en particular no surte igualmente efecto contra ellos y que no puede procederse a la ejecución de los bienes del socio en particular sino después que se haya hecho excusión del haber social. Mi contención es sin embargo, que prescindiendo de las excepciones que puedan existir como la de insolvencia, la responsabilidad de un socio individual es condicional y no pura y que la condición sólo se cumple después de hecha la excusión del haber social y por tanto, que no está él individualmente obligado en la acción antes de la excusión. La sentencia contra la sociedad a la cual sigue la excusión hace que los bienes de los socios colectivos queden sujetos a eje-

cución sin necesidad de una acción independiente, tanto de acuerdo con el artículo 237 del Código de Comercio, *supra,* como con el 127, el cual prescribe lo siguiente:

"Todos los socios que forman la compañía colectiva, sean o no gestores de la misma, estarán obligados personal y solidariamente, con todos sus bienes, a las resultas de las operaciones que se hagan a nombre y por cuenta de la compañía, bajo la firma de ésta y por persona autorizada para usarla."

Me parece que es suficiente la mera lectura de estos artículos para demostrar que la obligación de un socio particular es condicional y no pura, y por consiguiente él tiene derecho al beneficio del artículo 1081 del Código Civil el cual dispone lo siguiente:

"En las obligaciones condicionales la adquisición de los derechos, así como la resolución o pérdida de los ya adquiridos, dependerá del acontecimiento que constituya la condición."

Un acreedor no tiene derechos contra un socio individual mientras no se hayan cumplido las condiciones establecidas en los artículos 127 y 237 del Código de Comercio.

En Puerto Rico, como en Louisiana, una sociedad es una entidad semejante a una corporación en los Estados Unidos. Que es tal entidad es cosa sobre la cual no existe al parecer disputa alguna en Puerto Rico, y son numerosos los casos de Louisiana que lo sostienen. *Newman* v. *Eldrige,* 107 La. 315–320, en el cual se dijo que la sociedad es una entidad legal distinta a sus miembros; *Stothart* v. *W. T. Hardie,* 110 La. 696, donde se declaró que una sociedad se definía como un contrato por el que se crea una persona distinta de aquéllas que la forman. Pronunciamientos semejantes y aún más fuertes pueden verse en los casos de *Paradise* v. *Gerson,* 32 La. Annual, 532; *Raymond* v. *Palmer,* 41 La. Annual, 433; *The Succession of Pilcher,* 39 La. Annual 362.

Es verdad que los socios se obligan *in solidum,* pero *in solidum* sólo significa que cada socio queda finalmente obli-

gado y no cambia una obligación condicional en pura mientras no se realice la condición. Las palabras *"in solidum"* también significan que cada socio está igualmente obligado para con los demás, pero tales palabras no quieren decir necesariamente que la responsabilidad de un socio individual sea igual o corra en sentido paralelo a la responsabilidad de la firma misma, especialmente antes de la excusión. La opinión de la mayoría se funda en casos de las Filipinas, pero estos casos no muestran los medios por los cuales la corte de Filipinas llegó a su conclusión; no son por tanto satisfactorios para mi.

También se refiere la opinión de la mayoría al artículo 1111 de nuestro Código Civil, que prescribe lo siguiente:

"El acreedor puede dirigirse contra cualquiera de los deudores solidarios o contra todos ellos simultáneamente. Las reclamaciones entabladas contra uno no serán obstáculo para las que posteriormente se dirijan contra los demás, mientras no resulte cobrada la deuda por completo."

Por supuesto que si un socio es deudor solidario con la sociedad no hay duda alguna de que bajo varios preceptos de los códigos, todos o cualquiera de los deudores solidarios pueden ser demandados, pero si por el contrario como sostengo, su obligación es condicional, no es él un socio solidario a tenor del estatuto. El no tiene responsabilidad individual alguna ni solidaria hasta después de la excusión. El artículo 1111 establece la regla general la cual, de acuerdo con los conocidos principios de interpretación legal tendría que quedar sometida a las disposiciones más específicas de una ley especial como es el Código de Comercio.

Siento no haber tenido ante mi cuando se discutió este caso el artículo 1600 del Código Civil. Dicho artículo prescribe lo siguiente:

"Los socios no quedan obligados solidariamente respecto de las deudas de la sociedad y ninguno puede obligar a los otros por un acto personal, si no le han conferido poder para ello."

"La sociedad no queda obligada respecto a tercero por actos que un socio haya realizado en su propio nombre o sin poder de la sociedad para ejecutarlo; pero queda obligada para con el socio en cuanto dichos actos hayan redundado en provecho de ella."

"Lo dispuesto en este artículo se entiende sin perjuicio de lo establecido en la regla 1 del artículo 1597."

Este artículo ha sido tomado del capítulo sobre Sociedades y está en harmonía con las disposiciones del Código de Comercio. Expresa claramente que los socios no quedan obligados solidariamente respecto a las deudas de la sociedad. Cualquier fuerza legal que pudiera tener el artículo 1111 para obligar solidariamente a personas en general quedaría anulada en un caso de socios por el precepto terminante del artículo 1600.