No. 9004
Orleans

DRS. YOUNG AND GERAGHTY, Appellants v. MRS. MARGARET E. BOWIE, WIDOW, GEORGE BOWIE

(Oct. 5, 1925, Opinion and Decree.)

(*Syllabus by the Court.*)

1. Louisiana Digest—Evidence—Par. 172.

The published statutes of other states shall be received in the courts of this State as prima facie evidence of the statute laws of the states from which they purport to emanate.

2. Louisiana Digest—Prescription—Par. 2, 64.

Where a claim is prescribed by the laws of the state where a debtor is domiciled, it will be prescribed in this State when he removes here.

Appeal from Civil District Court, Division "F", Hon. Wynne Rogers, Judge.

This is a suit for medical services. Defendant pleaded prescription under the law of Texas, which was sustained. Defendant appealed.

Judgment affirmed.

Milling, Godchaux, Saal and Milling, of New Orleans, attorneys for plaintiff, appellant.

Legier and Gleason, D. V. Doussan, of New Orleans, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for medical services.

The plaintiffs averred that they were domiciled in the City of Baltimore, Maryland, practicing medicine, that the defendant is domiciled in the City of New Orleans; that between November 16, 1917, and December 28, 1917, they rendered medical services in the City of Baltimore to George M. Bowie; he has since died leaving all his property to his widow from whom they now claim $500 as the value of said services.

The citation addressed to the defendant was served upon her on November 17, 1921, or more than three years after December 28, 1917, the date of the last service rendered by plaintiffs.

The defendant pleaded the prescription of two years under the law of Texas.

The trial judge considered the plea of prescription of two years under the laws of Texas well founded and sustained it, and dismissed plaintiffs' suit. They have appealed.

· The facts of the case are that defendant's husband, George M. Bowie, was domiciled in Texas; on November 16, 1917, he went to Baltimore to the Brady Institue, Johns Hopkins Hospital where he was treated by the plaintiffs, physicians; he left the hospital on December 28, 1917, and went to Florida where he spent a month, then returned to his home in Texas where he died in August, 1918, leaving his wife his sole heir; his wife continued to live at her home in Texas for two years and more after the services had been rendered, and then removed to New Orleans.

Section 5687 of Vol. 4 p. 3814 of Vernon

Sayles Annotated Civil Statutes of the State of Texas reads as follows:

"(4) Actions for debt, where the indebtedness is not evidenced by a contract in writing, must be commenced in two years."

"R. S. 1440. The published statutes and digests of other states shall be received in the courts of this State as prima facie evidence of the statute laws of the states from which they purport to emanate." 9 Ct. App. 153; Martzette vs. Cronk, 141 La. 440, 75 South. 107.

It is evident therefore that at the time the defendant widow left Texas, plaintiffs' claim was prescribed by two years.

In the case of Newman vs. Eldridge, 107 La. 315, 31 South. 688, the court said:

"The prescription to be applied, in any given case, is that established by the law of the forum. An exception to this rule is established by R. S. 2808 which provides that, where a judgment has been rendered in another state, between parties there residing and has become barred by the law of such state and the judgment debtor has therafter come to Louisiana, the prescription established by the law of the State a quo will be applied to such judgment in this State."

In Walworth vs. Routh, 14 La. Ann. 205, the court said, that the debtor was entitled to the benefits of Sec. 2808 only "where the defendant removes to the State of Louisiana after he has become entitled to the benefit of the plea of the statute of limitation of the place where the judgment was rendered".

In the case of Osgood vs. Art (D. C.) 10 Federal 365, it was decided:

"Where the laws of a state provide that when by the laws of another state or territory or foreign country, an action could not be maintained there by reason of lapse of time, it cannot be maintained in this State, 'the removal of a debtor into this State, after residence in a foreign state sufficiently long to avail himself of the bar of the statute of limitations of that state will not revive the cause of action in this State.'"

The judgment of the district court is therefore affirmed.