GUIDRY, Judge.
Plaintiff, Larry Taylor, was involved in an accident in Arkansas in July of 1985. He filed suit against the tortfeasor in United States District Court in Arkansas in May of 1987, beyond the one-year tort prescription of Louisiana, but within the prescriptive period for tort actions in Arkansas. On April 18, 1988, plaintiff and his wife, Mary Taylor, filed this suit in the Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana, against Liberty Mutual *1024 Insurance Company (hereafter Liberty), their uninsured motorist carrier. Liberty filed an exception of prescription. The trial court, without assigning reasons, sustained the exception and dismissed plaintiffs’ suit. Plaintiffs appeal.
The issue presented is whether a suit filed against a tortfeasor in Arkansas, a tribunal of proper venue, within that state’s prescriptive period for tort actions but beyond this state’s prescriptive period, interrupts prescription accruing against an action later brought in this state against their UM carrier.
La.C.C. art. 15 provides that Louisiana’s laws governing prescription apply to obligations which arise elsewhere but are sought to be enforced in this state. In the case sub judice, Liberty’s potential tort and/or contractual liability to plaintiffs arose on the date of the accident in Arkansas, i.e., July 22, 1985. Plaintiffs’ tort action against Liberty, barring interruption, prescribed on July 22, 1986. Pursuant to La.R.S. 9:5629, plaintiff had two years, or until July 22, 1987, to institute a suit in contract against Liberty.[1] Plaintiffs’ suit, brought more than two years post accident, has prescribed unless prescription was interrupted.
La.C.C. arts. 1799 and 3503 provide that prescription is interrupted as to all solidary obligors when it is interrupted as to one. Since Liberty and the alleged tort-feasor are solidary obligors (Hoefly v. Geico, 418 So.2d 575 (La.1982) and since prescription is interrupted by the timely commencement of a suit (La.C.C. art. 3462), if the suit filed in Arkansas was timely, prescription was interrupted.
Plaintiffs argue that Arkansas’ statute of limitations should be employed to determine whether plaintiffs timely filed their tort suit against a solidary obligor. We disagree. La.C.C. art. 15 clearly provides that our law governing prescription in tort actions applies. Since plaintiffs did not file suit until May 1987, approximately 20 months post accident, the prescription provided for by La.C.C. art. 3492 was not interrupted and plaintiffs’ tort action against Liberty prescribed on July 22,1986.
Plaintiffs next argue that the suit filed in Arkansas interrupts the two year prescriptive period of La.R.S. 9:5629. We also disagree. Liberty was not named as a defendant in the Arkansas suit. Pursuant to La.R.S. 9:5629, plaintiffs’ contractual right to recover under the UM provisions of the Liberty policy did not expire until July 22, 1987. Plaintiffs did not institute this suit until April 18, 1988. The institution of the Arkansas tort suit within the latter period did not serve to interrupt the prescription provided for by La.R.S. 9:5629.
For these reasons, the judgment of the trial court is affirmed at appellants’ cost.
AFFIRMED.

. When La.C.C. art. 3492 and La.R.S. 9:5629 are construed with reference to each other and in light of our jurisprudence, it is reasonable to conclude that a UM insurer is liable to its insured both in tort and in contract, Article 3492 governing tort actions brought against a UM carrier and R.S. 9:5629 providing the prescription in contract actions.