579 So.2d 443 (1991)
Larry Lee TAYLOR and Emily Minnix Taylor
v.
LIBERTY MUTUAL INSURANCE COMPANY.
No. 90-C-1944.
Supreme Court of Louisiana.
May 6, 1991.
*444 J. Lee Wimberly, Jr., Vidrine & Wimberly, Mandeville, for Larry Lee Taylor & Emily Minnix Taylor, plaintiff-applicant.
James C. Lopez, Guglielmo, Lopez, Tuttle & Walker, Opelousas, for defendant-respondent.
DENNIS, Justice.
Whether prescription has run on this action brought by plaintiffs pursuant to an uninsured motorist insurance policy hinges on whether Louisiana Civil Code article 3462, under which liberative prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue, applies only to actions filed in Louisiana state courts. Plaintiffs claim that when one of them filed a vehicular accident damage suit against the tortfeasor in an Arkansas federal court timely and properly under the law of the forum, prescription was interrupted on their claim against a solidarily bound uninsured motorist insurer so that a subsequent suit by them in Louisiana against the carrier during the interruption *445 was timely.[*] The trial court sustained defendant's exception of prescription. The court of appeal affirmed. Taylor v. Liberty Mutual Insurance Co., 566 So.2d 1023 (La.App. 3rd Cir.1990). We reverse. Prescription is interrupted when an obligee commences an action against his obligor that is timely in a court of competent jurisdiction and venue under the law of the forum, regardless of whether the forum is a Louisiana court. La.Civ.Code art. 3462. Thus, such a suit by an automobile accident victim against a tortfeasor in a court sitting in another state has the same interruptive effect upon prescription of the obligation of a solidarily bound uninsured motorist insurer as it would have if filed properly and timely in Louisiana. La.Civ.Code arts. 1799, 3503.
This case arises out of an automobile accident which occurred in Arkansas on July 22, 1985. Larry Taylor, a Louisiana resident who was driving a vehicle owned and insured by his employer, a Louisiana company, was struck and injured by a Texas motorist driving an uninsured automobile. Mr. Taylor filed suit against the tortfeasor in an Arkansas federal court on May 11, 1987. This suit was settled on July 7, 1988 and voluntarily dismissed shortly thereafter. On April 18, 1988, before the Arkansas suit against the tortfeasor was dismissed, Mr. Taylor and his wife filed the present suit in a Louisiana court against his employer's uninsured motorist carrier. The uninsured motorist carrier filed an exception of prescription which was sustained. The court of appeal affirmed rejecting plaintiffs' argument that the Arkansas tort statute of limitations be employed to determine whether it was a timely filed suit against a solidary obligor. Taylor v. Liberty Mutual Insurance Co., 566 So.2d 1023 (La.App. 3rd Cir.1990). The court of appeal held that Louisiana Civil Code article 15 requires that Louisiana's one-year tort prescriptive period apply and thus the Arkansas suit against the tortfeasor filed over one year after the accident, although timely under Arkansas law, was insufficient to interrupt prescription against the uninsured motorist carrier. Id. We granted plaintiffs' writ application. 571 So.2d 619 (La.1990).
Mr. and Mrs. Taylor's present Louisiana suit is an action for the recovery of damages sustained in a motor vehicle accident brought pursuant to an uninsured motorist insurance policy. Accordingly, it is an action that is prescribed by two years reckoning from the date of the accident in which the damage was sustained. La.R.S. 9:5629. Plaintiffs did not file this action within the two year period. Nevertheless, the action has not prescribed because it was filed during an interruption of prescription created by Mr. Taylor's Arkansas suit against the tortfeasor with whom the uninsured motorist carrier is solidarily bound.
Under article 3462 of the Civil Code prescription is interrupted when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. After considering the plain words of the article, legislative history, doctrinal opinion and jurisprudential interpretation, we conclude that such a suit has the same interruptive effect whether it is filed in a federal, Louisiana or another state's forum, if the suit is properly and timely filed under the laws of the forum.
Prescription is interrupted when the obligee commences action against the obligor in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. A court of competent jurisdiction is a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceeding. La.Code Civ.P. art. 5251(4). Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions *446 or proceedings and to render a valid and definitive judgment. La.Code Civ.P. arts. 2-3. The clear and simple words of the statutes indicate that an obligee's action against his obligor timely brought in a court of competent jurisdiction and venue in Louisiana or another state will interrupt prescription.
The legislative history and doctrine also indicate that this is the meaning of article 3462. Following the French law, the early Louisiana codes provided for a legal interruption of prescription through the service of citation to appear before a court of justice. La.Civ.Code arts. 50, 52 (1808); La.Civ.Code arts. 3482, 3484 (1825); La.Civ. Code art. 3518 (1870); C.Civ. arts. 2242, 2244-2246 (1804). Subsequently, the legislature by Act 39 of 1932 enacted La.R.S. 9:5801, which provided for the interruption upon the mere filing of suit in a court of competent jurisdiction, in order to relieve a party having a cause of action from the responsibility for delay in the service of citation. See Taglialavore v. Ellerbe, 149 So. 296, 297 (La.App. 2nd Cir.1933); Comment, Interruption of Prescription by Judicial Action in Louisiana, 14 Tul.L.Rev. 601, 602, 605 (1940). Under Act 39 of 1932, the filing of a suit in a competent court outside Louisiana was sufficient to interrupt prescription. Kozan v. Comstock, 270 F.2d 839, 845 (5th Cir.1959); see also Rhinehart v. Doswell, 23 La. 662, 6 La.Ann. 766 (1851). Additionally, there was doctrinal opinion to the effect that the courts should consider such a proceeding in a foreign forum an interruption of prescription, for there was nothing in the statutes which indicated that their application was restricted to suits filed in Louisiana courts. Comment, Interruption of Prescription by Judicial Action in Louisiana, supra at 603.; see also Kozan v. Comstock, supra.
Accordingly, it has become well settled that prescription may be interrupted under article 3462 by the timely filing of a suit in a court of competent jurisdiction and venue, regardless of whether it is a federal, Louisiana or another state court. See Board of Commissioners v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127 (1927); Rhinehart v. Doswell, supra; Pickard v. Baugh, 565 So.2d 1102 (La.App. 4th Cir.1990); LaFargue v. St. Amant, 433 So.2d 1061 (La.App. 5th Cir.1982); Hidalgo v. Dupuy, 122 So.2d 639 (La.App. 1st Cir.1960); Driscoll v. New Orleans Steamboat Co., 633 F.2d 1158 (5th Cir.1981); Kozan v. Comstock, supra; Scharff v. Cameron Offshore Services, 475 F.Supp. 48 (W.D.La.1979).
Besides these reasons, it is quite unlikely that the legislature intended to discriminate against its citizens who elect to proceed in either a federal court or another state's forum by requiring that they suffer a diminution in the interruptive effect of their suits as a price for exercising that choice. Constitutionally, it is the policy of this state to maintain open courts, assuring that every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights. La. Const. art. I, § 22. Correlatively, in the absence of a clear indication of legislative intent, prescriptive statutes which can be given more than one reasonable interpretation should be construed to maintain rather than bar the action. Maltby v. Gauthier, 506 So.2d 1190 (La.1987); Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972).
Moreover, general conflicts of laws provisions would require that the tort statute of limitations of Arkansas be applied to determine the timeliness of a suit and the competency of a court to hear a suit filed in that forum and arising out of an accident occurring in that state. Earlier Louisiana jurisprudence clearly indicates that in a choice of laws context limitations of actions are matters of procedure and that the law of the forum, or the lex fori, applies. Roper v. Monroe Grocer Company, 171 La. 181, 129 So. 811 (1930); Newman v. Eldridge, 107 La. 315, 31 So. 688 (1902); Gierling v. Garner, 284 So.2d 664 (La.App. 3rd Cir.1973); Scharff v. Cameron Offshore Services, supra. Clearly under this rationale, the tort action in Arkansas is properly governed by the three year statute *447 of limitations applicable under Arkansas law. However, the traditional rule of lex fori, similar to the traditional rules of lex loci delicti and lex loci contractus, has been severely criticized and in some cases overruled. See, e.g., R. Leflar, American Conflicts Law, § 127, at 252 (3d ed. 1977); A. Ehrenzweig, Conflict of Laws, 428 (1962); Grossman, Statute of Limitations and the Conflict of Laws: Modern Analysis, 1980 Ariz.St.L.J. 1; Milhollin, Interest Analysis and Conflicts Between Statute of Limitations, 27 Hastings L.J. 1 (1975); S. Symeonides, Louisiana and Comparative Conflicts Law, Chp. VIII (2nd ed. 1989); Note, Conflicts of LawLiberative Prescription, 47 La.L.Rev. 1153 (1987); cf. Jagers v. Royal Indemnity Co., 276 So.2d 309 (La.1973). The modern trend, be it legislative or jurisprudential, is towards considering prescriptive statutes substantive rules and the choice therefore should be controlled by the state whose law would govern the merits of the action, commonly referred to as the lex causae. See Symeonides, supra.; see also, Uniform Conflicts of Law-Limitation Act, 1982, 12 U.L.A. 51 (1985) (Adopted by Arkansas, Colorado, North Dakota, Oregon, and Washington) (providing that if a claim is based upon the law of another state, the "limitation period of that state applies"); Restatement of Law 2d, Conflicts of Law, § 142 (1988) (providing for a presumption based upon the lex fori, in pertinent part stating, "[t]he forum will apply its own statute of limitation permitting the action unless maintenance of the action would serve no significant interest of the forum."); Note, An Interest Analysis Approach to the Selection of Statutes of Limitation, 49 N.Y.U.L.Rev. 299 (1974). Jurisprudentially, some courts have adopted the more flexible approach of interest analysis to determine whether the forum state should apply its own statute of limitations. See Heavner v. Uniroyal, Inc., 63 N.J. 130, 305 A.2d 412 (1973); Ardoyno v. Kyzar, 426 F.Supp. 78 (E.D.La.1976) (contending that Louisiana has adopted the interest analysis method in the area of choice of law). We conclude that under any of the preceding methodologies of choice of law, Arkansas law on the limitation of actions applies and requires the determination that the Arkansas tort suit was timely.
The court of appeal relied on Louisiana Civil Code article 15 to hold that the Louisiana law governing prescription in tort actions applies to determine whether the Arkansas suit was timely filed so as to interrupt prescription. But article 15 merely provides, in pertinent part, that "[t]he prescription provided by the laws of this state applies to an obligation arising under the laws of another jurisdiction which is sought to be enforced in this state." (Emphasis added.) Article 15 clearly does not apply either to the tort obligation Mr. Taylor sought to enforce in the Arkansas federal court or the contractual obligation emanating from the uninsured motorist policy that Mr. and Mrs. Taylor seek to enforce in the Louisiana state court. Mr. Taylor did not seek to enforce the tortfeasor's obligation arising under Arkansas tort law in Louisiana; he brought an action in Arkansas federal court for this purpose. The uninsured motorist insurer's obligation which Mr. and Mrs. Taylor seek to enforce in Louisiana does not arise under the laws of another jurisdiction; it is an obligation arising from an insurance contract issued to a Louisiana company governed by the uninsured motorist insurance laws and other laws of this state. Booth v. Fireman's Fund Insurance Company, 253 La. 521, 218 So.2d 580 (1969).
Having determined for all of the foregoing reasons that the tort suit filed against the tortfeasor timely in an Arkansas federal court of competent jurisdiction and venue was sufficient to interrupt prescription pursuant to article 3462, it quickly follows that Mr. Taylor's suit against the tortfeasor interrupted prescription of the obligation of the uninsured motorist carrier because the carrier is solidarily bound with the tortfeasor to repair the damage sustained by the plaintiffs. The interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs. La.Civ.Code arts. 1799, 3503. A tortfeasor who causes an automobile accident victim damage and the victim's uninsured motorist carrier are solidary obligors because they are obliged to repair the same *448 damage, neither may plead the benefit of division, and the payment by one exonerates the other as to the obligation to the victim. La.Civ.Code art. 1794; La.Civ.Code art. 2091 (1870); Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982); Matthews v. Insurance Company of North America, 418 So.2d 582 (La.1982).
Finally, when Civil Code articles 1799 and 3462 are interpreted in reference to each other, they clearly provide, contrary to a suggestion in the court of appeal opinion, that a suit filed in a court of competent jurisdiction and venue by a plaintiff against a tortfeasor interrupts prescription as to the uninsured motorist carrier solidarily bound with the tortfeasor regardless of whether the insurer is initially named as a defendant in the suit. See, e.g., Hoefly v. Government Employees' Insurance Co., id.; Matthews v. Insurance Company of North America, id.; cf. Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (La.1960); Pickard v. Baugh, supra; Sam v. Sorrel Electrical Contractors, Inc., 525 So.2d 244 (La.App. 1st Cir.), writ denied, 532 So.2d 133 (1988); Robinson v. State, 454 So.2d 257 (La.App. 1st Cir.), writ denied, 458 So.2d 122 (1984); Wicker v. Coca-Cola Bottling Co., 418 So.2d 1378 (La.App. 5th Cir.1982).
Accordingly, Mr. Taylor's suit against the tortfeasor in the Arkansas federal court interrupted prescription as to the uninsured motorist carrier. Hence, Mr. and Mrs. Taylor's suit brought against the carrier in Louisiana during the interruption was timely and shall be maintained.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed; the peremptory exception of prescription is overruled; and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED; EXCEPTION OVERRULED; REMANDED TO THE TRIAL COURT.
COLE, J., respectfully dissents.
NOTES
[*] Plaintiff's action was brought against the tortfeasor's succession because of his death either in the accident or shortly thereafter. For the sake of convenience, this opinion refers to the succession of the tortfeasor as "the tortfeasor".

Additionally, although not specified by either party or the court of appeal, our research indicates that the Arkansas tort statute of limitations applicable to personal injury causes of action is three years. See Ark.Code Ann. § 16-56-105; Faulkner v. Huie, 205 Ark. 332, 168 S.W.2d 839 (1943); H. Brill, Ark.Law of Damages § 10-6 (1984).