613 So.2d 727 (1993)
William E. RAFFERTY
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Allstate Insurance Company and Barbara W. Bullen.
No. 92-C-2324.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
*728 Marta-Ann Schnabel, Stanton E. Shuler, Jr., Leake & Andersson, New Orleans, for relators.
Gino J. Rendeiro, James Minge, James Minge & Associates, New Orleans, for respondent.
Before SCHOTT, C.J., and LOBRANO and JONES, JJ.
SCHOTT, Chief Judge.
On the application of Government Employees Insurance Company (GEICO) we grant certiorari in order to consider the validity of a judgment overruling its exception of prescription. This is a claim by respondent, William Rafferty, under the uninsured motorist (UM) provisions of an automobile insurance policy issued to him by GEICO.
The suit arose out of an automobile accident which occurred on July 23, 1989, in San Diego, California. Respondent was a passenger in one of the automobiles. At this time respondent and both drivers were domiciliaries and residents of California. On May 2, 1991, respondent notified GEICO that he had moved to Mississippi. On May 31, 1991, respondent filed the present suit against GEICO in the Civil District Court for the Parish of Orleans alleging that he was a resident and domiciliary of the Parish of Orleans.
In Louisiana a two year prescriptive period applies to a UM claim. LSA-R.S. 9:5629. In California the prescriptive period is one year. The policy provides that any suit under the UM provisions of the policy must be filed within a year of the accident date.
On August 21, 1992, the trial court heard the exception of prescription and overruled it on the basis of Taylor v. Liberty Mutual Insurance Co., 579 So.2d 443 (La.1991).
At the outset, we do not find Taylor to be dispositive of the present case. In that case a Louisiana resident, insured for UM coverage under a policy issued to his employer, a Louisiana company, was injured in an automobile accident in Arkansas on July 22, 1985. He filed suit against the tort feasor in Arkansas on May 11, 1987. This suit was timely under the Arkansas three-year statute of limitations. While that suit was pending, on April 18, 1988, plaintiff filed a suit in Louisiana against his UM carrier. The Arkansas suit was subsequently settled and voluntarily dismissed. The question was whether the Louisiana suit was barred by the two year prescriptive period of R.S. 9:5629. The court held that the timely filing of the tort suit in Arkansas interrupted prescription of the obligation of the UM carrier because it was solidarily bound to plaintiff with the tortfeasor.
In the present case, we are dealing with a contract for UM coverage entered into in California between California residents. The accident triggering the coverage occurred in California and all parties to the accident were California residents. The one year contractual time bar for a suit was authorized by and consistent with California law. The contract constitutes the law between the parties unless contrary to *729 public policy. Louisiana's public policy as expressed in R.S. 9:5629 had nothing to do with this policy, at least not until the insured decided to move here.
When respondent filed the present suit it was already barred by the terms of the contract. The insurer had been discharged of its obligation. Respondent could not resuscitate this expired claim by moving to another state where the prescriptive period was longer. An essential difference between Taylor and this case is that the plaintiff Taylor kept his claim alive by filing a timely suit against his insurer's solidary obligor; whereas the respondent allowed his claim to die in California and subsequently seeks to revive his claim by moving to Louisiana and invoking its lengthier prescriptive period.
C.C. art. 3549 was in effect at the time this matter was heard by the trial court. It provides in pertinent part as follows:
When the substantive law of another state would be applicable to the merits of an action brought in this state, the prescription and peremption law of this state applies, except as specified below:
* * * * * *
(2) If the action is not barred under the law of this state, the action shall be maintained unless it would be barred in the state whose law is applicable to the merits and maintenance of the action in this state is not warranted by the policies of this state and its relationship to the parties or the dispute nor by any compelling considerations of remedial justice.
The present suit is not barred by R.S. 9:5629 but it is barred by California law. Maintenance of the action is not warranted by the policies of this state and its relationship to the parties because this state's public policy regarding the appropriate prescriptive period for a UM claim has no application to a policy issued in California to a California resident. There are no compelling considerations of remedial justice warranting the maintenance of this action. Respondent had a year in which to bring an action which would have been timely under his contract and the law of the state where he was living, where the accident took place, and where all parties involved in the accident resided. No injustice was done to him by the application of the one year prescriptive period. Consequently there are no compelling considerations of remedial justice applicable to his situation.
Accordingly, the judgment appealed from is reversed and set aside. There is judgment in favor of GEICO and, against plaintiff, William E. Rafferty, dismissing his suit at his cost.
REVERSED AND RENDERED.