J^LEON A. CANNIZZARO, JR., Judge.
Defendant and plaintiff in reconvention, SJD-CC, L.L.C. (“SJD”), appeals from a trial court judgment maintaining an exception of prescription filed by third party defendant, Zurich American Insurance Company (“Zurich”). We affirm the trial court judgment.

FACTS AND PROCEDURAL HISTORY

SJD, owner of the building located at 1050 South Jefferson Davis Parkway, entered into a written contract with the plaintiff, Hennessey Construction Corporation (“Hennessey”), for repairs to the building. Pursuant to the contract, Hen-nessey was to erect a new, pre-engineered metal building with a sloped roof that adjoined the existing building. The work was completed in August 2000. On November 13, 2000, Hennessey filed suit against SJD, alleging breach of contract for failure to pay the outstanding balance of $34,784.00 due on the contract. Hen-nessey also asserted a claim for defamation, alleging SJD made defamatory statements about Hennessey in a letter it sent to various material suppliers, who were Hennessey’s business associates. SJD answered the petition on January 22, |?2001, admitting that the amount was unpaid but denied it was due until a certificate of occupancy was issued.[1]
*342 On May 4, 2001, SJD filed a reconven-tional demand against Hennessey and “ABC Insurance Company,” alleging that Hennessey failed to deliver materials, failed to timely complete the job, and failed to timely pay subcontractors. SJD later filed a supplemental and amending reconventional/third party demand on October 29, 2002, adding Zurich, Hennessey’s insurer, as a defendant. For the first time, SJD alleged claims against Hennes-sey for faulty workmanship and negligence in the construction of the new roof and sought damages in the amount of $18,747.00 as a result of rainwater leaking through the roof.
During discovery, Zurich learned that SJD was aware of the alleged roof leak as early as June, 2001. Specifically, Zurich-obtained a copy of a letter SJD’s attorney had sent to Hennessey’s attorney on June 19, 2001, advising him that the roof constructed by Hennessey was causing problems and needed repair. The letter also requested that Hennessey notify its insurer and file a claim for the repairs. In light of the discovery, Zurich filed an exception of prescription arguing that SJD’s claim for damages as a result of the leaking roof had prescribed one year from the date that it discovered the leak or in June 2002.
Following a hearing, the trial court rendered judgment in favor of Zurich holding that SJD’s tort and/or delictual claims had prescribed. SJD appealed.
| JLAW AND DISCUSSION
Delictual actions are subject to a liberative prescription of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. In general, the burden of proving that a suit has prescribed rests with the party pleading prescription. Eastin v. Entergy Corporation, 2003-1030, p. 5 (La.2/6/04), 865 So.2d 49, 55. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Id.
As previously mentioned, SJD first asserted its claims for damages as a result of Hennessey’s alleged faulty workmanship and the alleged defective roof in October 2002. In arguing that those claims had prescribed, Zurich submitted the deposition testimony of Alvin Halpern of SJD, as well as documentary evidence, that indicated that SJD knew of the leaking roof in June 2001 and had contracted with Hy-Tech Roofing Services, Inc., to have the roof repaired shortly thereafter. Once Zurich demonstrated that more than one year had elapsed between the time SJD discovered the leak in the roof and the date it asserted its claim for the resulting damages in the amended reconventional demand, the burden shifted to SJD, the plaintiff in reconvention, to show that its delictual claims had not prescribed.
On appeal, SJD argues that the delictual claims asserted in its supplemental and amending reconventional/third party demand relate directly back to the claims made against Hennessey in its original reconventional demand. In other words, it contends that the defects in the newly erected roof are a direct result of Hennes-sey’s failure to perform its contractual obligations, i.e., failure to deliver the appropriate manpower and materials in a timely manner.
| ¿Louisiana Code of Civil Procedure article 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing of the original pleading.
*343 Pursuant to this article, if a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition. Reese v. State, Department of Public Safety and Corrections, 2003-1615, p. 6. (La.2/20/04), 866 So.2d 244, 248; Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985).
We have reviewed the original and amended reconventional demands in this case. SJD’s original reconventional demand filed on May 4, 2001 against Hennes-sey pled a cause of action for breach of contract based on an alleged failure to deliver materials, to timely complete the job, and to timely pay subcontractors. Nothing in that pleading gives “fair notice” to either Hennessey or Zurich that SJD sustained damages due to the intrusion of rainwater as a result of a poorly constructed or defective roof. Furthermore, SJD’s cause of action for damages as a result of the leaking roof did not exist at the time it asserted its contractual claims against Hennessey; rather, it arose after the filing of the original reconventional demand. In light of that fact, Hennessey and Zurich could not have had fair notice of SJD’s tort claims. Thus, we find that the delictual claims asserted by SJD in its amended reconventional demand do not relate back to the filing of the original reconventional demand so as to interrupt the running of prescription on those claims.
|fiSJD also argues Hennessey did not identify Zurich as its insurer until October 21, 2002, and, thus, it was unable to assert any claim against the insurer prior to that date. It contends that the naming of Hen-nessey and “ABC Insurance Company,” a fictitious insurer, as defendants in the original reconventional demand with the allegation that they were solidarily liable for any damages resulting from Hennessey’s acts and omissions was sufficient to interrupt the running of prescription against Zurich for the delictual claims raised in the amended reconventional demand.
SJD is correct that the interruption of prescription against one solidary obligor is effective against all solidary obligors. See La. C.C. art. 1799. Also, prescription may be interrupted as to an actual defendant when only a fictitious defendant is named in a petition provided prescription is interrupted by some other means. See Gallina v. Hero Lands Co., 2003-0331, p. 14, fn. 6 (La.App. 4 Cir. 10/07/03), 859 So.2d 758, 767.
SJD’s naming of a fictitious insurer as a third party defendant in the original reconventional demand would have interrupted prescription as to the claims against Zurich in the later amended recon-ventional demand only if SJD had amended its original reconventional demand against Hennessey to assert a cause of action for damages as a result of the defective roof within one year of discovering the leak. SJD did not timely amend its original reconventional demand to assert its delictual claims against Hennessey, thus, the naming of the fictitious defendant is without effect and SJD’s delictual claims raised against Zurich in the amended re-conventional demand are prescribed.[2]
*344 ^CONCLUSION
Accordingly, the judgment of the trial court in favor of Zurich American Insurance Company dismissing SJD’s delictual claims is affirmed.
AFFIRMED.

. SJD asserts repeatedly in its appeal brief that it filed an answer and reconventional demand on January 21, 2001. The record, however, indicates that SJD filed its answer to Hennessey's original petition on January 22, 2001, and its reconventional demand on May 4, 2001.

. The record reflects that Zurich also filed a motion for summary judgment seeking dismissal of SJD's contractual claims against it, arguing that it issued a commercial general liability policy to Hennessey that provided coverage for claims involving property damage and bodily injury but not claims arising from contractual disputes with Hennessey. The trial court has not yet ruled on the motion, and we express no opinion on the issue as it not before us in this appeal.