952 So.2d 739 (2007)
HENNESSEY CONSTRUCTION CORPORATION
v.
Alvin K. HALPERN and SJD-CC, LLC.
No. 2006-CA-1099.
Court of Appeal of Louisiana, Fourth Circuit.
January 31, 2007.
Brian T. Carr, Kristie E. Luke, Brian T. Carr & Associates, Metairie, LA, for Plaintiff/Appellee, Hennessey Construction Corporation.
Jeffrey K. Warwick, Jason P. Foote, Chopin, Wagar, Richard & Kutcher, L.L.P. Metairie, LA, for Appellee, Zurich American Insurance Company.
Richard B. Levin, Levin Law Offices, Metairie, LA, for Appellant, SJD-CC, LLC.
(Court Composed of Judge CHARLES R. JONES, Judge EDWIN A. LOMBARD, Judge LEON A. CANNIZZARO, JR.).
*740 LEON A. CANNIZZARO, JR., Judge.
The defendant and plaintiff in reconvention, SJD-CC, L.L.C. ("SJD"), appeals from a summary judgment rendered in favor of the third party defendant, Zurich American Insurance Company ("Zurich"). We reverse the judgment in part.

FACTS AND PROCEDURAL HISTORY
This case arises from a contractual dispute between the plaintiff, Hennessey Construction Corporation ("Hennessey") and SJD. Pursuant to a construction contract, Hennessey was to erect and connect a pre-fabricated metal building with a sloped roof to an existing building owned by SJD. Hennessey completed the work in August 2000, and on November 13, 2000, filed a suit against SJD alleging breach of contract for failure to pay the outstanding balance of $34,784.00 due on the contract.
SJD filed a reconventional demand against Hennessey alleging specific contractual defenses, including Hennessey's failure to complete the job and pay the subcontractors. On October 29, 2002, SJD amended its reconventional demand naming Zurich, Hennessey's insurer, as a defendant. At that time, SJD also alleged claims against Hennessey for defective workmanship and negligence in the construction of the new roof and sought damages in the amount $18,747.00 as a result of the rainwater leaking through the roof.
Through discovery, Zurich learned that SJD was aware of the roof leak as early as June 2001 and filed an exception of prescription arguing that SJD's tort and/or delictual claims as a result of the alleged defective roof had prescribed one year from the date it discovered the leak or in June 2002. The trial court maintained the exception, finding that SJD's tort and/or delictual claims asserted in the reconventional demand had prescribed. On appeal, this court affirmed the trial court's judgment in Hennessey Const.Corp. v. Alvin K. Halpern and SJD-CC, LLC, XXXX-XXXX (La.App. 4 Cir. 6/23/04), 879 So.2d 340.
Zurich then filed a motion for summary judgment seeking to be dismissed as a defendant in the suit, arguing that the general commercial liability policy it issued to Hennessey covered only tort and/or delictual claims arising during the term of the policy, not claims arising from contractual disputes with Hennessey. SJD opposed the motion arguing that its delictual claims against Hennessey and Zurich, although prescribed, could be used as a defense to the claims asserted in Hennessey's main demand. Hennessey also opposed the motion arguing that Zurich should be dismissed from the suit only if the trial court simultaneously ruled that SJD would not be allowed to raise the prescribed delictual claims as a defense and/or set off to Hennessey's main demand.
Following a hearing, the trial court rendered summary judgment in favor of Zurich, dismissing all claims against it with prejudice. The court further held that SJD was precluded from raising the prescribed tort/delictual claims as a set off issue at the trial on Hennessey's main demand.
SJD now appeals the trial court judgment only insofar as it precludes SJD from raising the prescribed tort and/or delictual claims as a set off issue at the trial on Hennessey's main demand.

DISCUSSION
Louisiana Code of Civil Procedure Article 424 provides, in part, "[e]xcept as otherwise provided herein, a prescribed obligation arising under Louisiana law may be used as a defense if it is incidental to, or connected with, the obligation sought to be enforced by the plaintiff."
*741 In Dixie Bldg. Materials Co., Inc. v. Bob L. Whittington & Associates, Inc., 588 So.2d 78 (La.1991), Dixie, a seller of building materials, sued the defendant homeowner for payment of concrete mix furnished to the homeowner's subcontractor. The homeowner reconvened asserting that the concrete was defective. After the trial court dismissed the reconventional demand, the homeowner appealed. While the appeal was pending, Dixie filed an exception of prescription in the Fifth Circuit Court of Appeal, arguing the reconventional demand had prescribed because it was filed more than one year after the homeowner had discovered the defect in the concrete. The court of appeal agreed and dismissed the reconventional demand. On review, the Louisiana Supreme Court found that the homeowner's claim for damages for the defective concrete was incidental to Dixie's demand for payment of the concrete and held that, although the reconventional demand was prescribed, La. C.C.P. art. 424 allowed the prescribed claim to be used as a defense to Dixie's main demand. Thus, the Court remanded the matter for the trial court to determine whether the homeowner's prescribed claim could be used as an offset to Dixie's claim for payment of the concrete.
In the instant case, SJD's reconventional demand is based upon Hennessey's failure to perform in accord with the terms of the contract, defective workmanship, and negligence in the construction of the roof. Clearly, these claims are incidental to and directly connected with the obligation sought to be enforced by Hennessey, i.e., payment for work performed under the contract. Therefore, pursuant to La. C.C.P. art. 424, SJD's prescribed claim may be used as a defense to Hennessey's main demand. To the extent the trial court judge, in granting's Zurich's motion for summary judgment, precluded SJD from raising any set off issues at the trial on Hennessey's main demand, she erred.
Finally, as an alternative argument, Hennessey contends that in the event SJD is allowed to use the prescribed claims as a defense to its main demand, then we should also reverse the judgment insofar as it dismissed Zurich from the suit. Hennessey points out that under the terms of the general commercial liability policy, Zurich was to provide Hennessey with a defense and coverage for any tort and/or delictual claims that arose during the term of the policy. If Zurich is dismissed from the suit then Hennessey will be without a defense for the tort and/or delictual claims that SJD might use as a set off against its demand for payment under the contract. Because Hennessey neither appealed the part of the judgment dismissing Zurich from the suit nor answered SJD's appeal, we cannot consider that issue in this appeal. La.Code Civ. Proc. art. 2133; Saacks v. Mohawk Carpet Corp., XXXX-XXXX, pp. 24-25 (La.App. 4 Cir. 8/20/03), 855 So.2d 359, 375.

DECREE
Accordingly, for the reasons stated herein, we reverse the judgment of the trial court in favor of Zurich only insofar as it precludes SJD from raising any set off issues at the trial on Hennessey's main demand. In all other respects, we affirm the judgment and remand the matter to the trial court for further proceedings.
REVERSED IN PART; AFFIRMED IN PART AND REMANDED