732 So.2d 61 (1999)
Mercedes DAVIS
v.
HIBERNIA NATIONAL BANK.
No. 98-CA-1164.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1999.
*62 Jennifer N. Willis, R. Glenn Cater, Cater & Willis, New Orleans, LA, Attorneys for Appellant-Plaintiff, Mercedes Davis.
S. Mark Klyza, Thomas J. McGoey, II, The Kullman Firm, P.L.C., New Orleans, LA, Attorneys for Appellee-Defendant, Hibernia National Bank.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES, Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY, and Judge JAMES F. McKAY, III.
WALTZER, Judge.
Mercedes Davis complains because the trial court dismissed her suit for employment discrimination. The trial court, after *63 a trial of Hibernia's exception, dismissed Davis' suit against her employer, since the claims had prescribed.

FACTS AND HISTORY OF THE CASE
From December 1983 until October 1993, Mercedes Davis worked for the bank. After several failed attempts for promotion, Ms. Davis decided to leave her job with Hibernia and sought other employment. On 14 July 1993 she applied for a job with the Orleans Parish School Board. She resigned from Hibernia on 29 October 1993, after accepting a job with the school board.
Davis filed suit against her former employer on 26 August 1994. She sued under state law, alleging Hibernia discriminated against her in its employment practices. Specifically, Davis alleges that Hibernia "constructively discharged" her and that this discharge "was merely the last in a series of acts intended to harass and intimidate the plaintiff and to make her working conditions unbearable."
On 23 November 1994, Hibernia excepted to Davis' claims, alleging that her claims against it had prescribed. On 12 November 1996, Hibernia moved for summary judgment. After hearing, the trial court denied the contested motion. Hibernia sought supervisory writs, seeking reversal of the denial, but this court denied the request for supervisory jurisdiction, in Mercedes Davis v. Hibernia National Bank, No. 97-0241, on 4 April 1997.[1]
On 12 January 1998, the trial court heard Hibernia's exception of prescription. Both Davis and Hibernia presented evidence at the trial of the exception.
On 15 January 1998, the trial court signed a Judgment, granting Hibernia's exception and dismissing Davis' action. The trial court sustained defendant's Exception of Prescription, because plaintiff did not present any evidence of any actionable conduct within the prescriptive period. Davis appealed this dismissal.

STANDARD OF REVIEW
An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. LSA-C.C.P. arts. 927 and 928(B). LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. The trial court is not bound to accept as true the allegations of plaintiff's petition in its trial of the peremptory exception. Bowers v. Orleans Parish School Bd., 95-2530 (La. App. 4 Cir. 5/29/96); 694 So.2d 967, 972. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. Id.

ASSIGNMENT OF ERROR: The trial court erred when it sustained Hibernia's peremptory exception of prescription and dismissed Davis' suit.
After considering evidence from both Hibernia and Mercedes Davis, the trial court determined that plaintiff filed suit more than one year after any "actionable conduct" by Hibernia and that plaintiff's claims had prescribed. Ms. Davis argues that Hibernia failed to prove that no act of race discrimination occurred within one year of the time that plaintiff filed suit. Davis also argues that Hibernia continuously discriminated against her throughout her numerous years of employment, from December 1982, until October 1993.
Davis had one year after she sustained injury or damage to file suit, since the one-year liberative prescription period for delictual actions applies to all of her *64 claims. King v. Phelps Dunbar, 97-2519 (La.App. 4 Cir. 6/3/98); 716 So.2d 104, 108; writ granted by 98-1805 (La.11/25/98); 729 So.2d 579, 1998 WL 941008. In her petition, plaintiff alleges she "was constructively discharged from her employment in October, 1993." She further alleges that this constructive discharge "was merely the last in a continuing series of acts intended to harass and intimidate the plaintiff and to make her working conditions unbearable." (Emphasis added.) Specifically, plaintiff alleges that this series of acts included disparate treatment of plaintiff regarding breaks, working hours, working conditions, salaries, and promotions. Except the allegation regarding the constructive discharge, plaintiff failed to designate in her petition when these various acts occurred.
At the trial of the exception of prescription, plaintiff testified. Plaintiff worked for Hibernia from December 1982, until October 1993 as an administrative assistant in various departments and under numerous supervisors. Plaintiff sought various promotions or transfers during her lengthy employment with Hibernia. Even though the bank's policy authorized her to seek promotions, Davis admitted that she could not remember applying for any promotions after an attempt on 22 April 1992. She offered no evidence of any attempt for promotion after 22 April 1992. Plaintiff also admitted she didn't apply for any promotions in 1993, even though she "was told about a couple."
As early as 1985, plaintiff admitted that she believed her "rights to advance have been violated, not once but twice." Furthermore, in a journal in 1985, she wrote "I just couldn't believe that these people were getting away with such blatant discrimination."
For approximately the last two years of her employment with Hibernia, plaintiff's supervisor was Linda Terrio. Plaintiff admitted that neither Ms. Terrio nor any other supervisor or employee at Hibernia ever humiliated her, embarrassed her, or said anything of a racial nature to or in front of her. Plaintiff complained that Terrio ignored her. Furthermore, during the period that Terrio supervised the plaintiff, the supervisor issued complimentary evaluations to Davis in April 1992, and November 1992. She also complained that a white employee's work fell behind, because this fellow employee took a lot of Hibernia's time to have domestic arguments with her boyfriend over the phone that could be heard all over the office that could last for sometimes as much as an hour. Plaintiff explained that her work was never permitted to fall behind. Finally, she complained that she and another employee couldn't go to lunch together anymore, after lunch schedules were changed. However, she conceded not only her schedule but every employee's schedule was rearranged.
Plaintiff complained about two instances of harassment in the late 1980's. She complained that a supervisor had improperly changed her time card. She also complained that this supervisor followed her and looked for her when she left her desk for more than five minutes. She explained that other people could be all over the building. She further complained that one girl that sat behind me planned her entire wedding, called the seamstress, called the hall, ordered the cake, discussed it with the supervisor, went all over the building. However, plaintiff does not complain that these actions were racially motivated.
On 14 July 1993, plaintiff applied for a position with the Orleans Parish School Board. After accepting a position with the School Board, plaintiff resigned from her job with Hibernia on 29 October 1993.
We are concerned with four dates. On 22 April 1992, Davis last applied for a promotion or transfer in her job with Hibernia, although she remained eligible to apply and she admitted she knew of such opportunities. On 14 July 1993, she sought other employment, and she resigned from her job with Hibernia on 29 *65 October 1993, after accepting another job. Finally, Davis sued Hibernia on 26 August 1994.
Essentially, Davis claims intentional infliction of emotional distress, hostile work environment, and discrimination in promotion and transfer decisions and constructive discharge. Hibernia pled the peremptory exception of prescription.
Generally, the exceptor bears the burden of proving the merits of the peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1355, 1361 (La.1992). However, when on the face of the petition, the plaintiff's claims have prescribed; plaintiff bears the burden of overcoming the presumption that her claims have not prescribed. Id.
In her petition, Davis alleges only the date of her resignation. She otherwise fails to disclose the time of the alleged misconduct. However, in her testimony Davis recognizes that she failed to pursue any chance for advancement with Hibernia after 22 April 1993. Moreover, she admitted that she believed, as early as 1985, that Hibernia had discriminated in its decisions regarding transfers and promotions. The evidence in the record proves that more than a year elapsed from the time that Hibernia last allegedly discriminated against Davis in these decisions and the date that she filed suit.
Davis alleges that she was "constructively discharged." She testified that she resigned after seeking and acquiring a different job. Constructive discharge requires that employer discrimination create working conditions that are so intolerable that the employee feels compelled to resign. King v. Dunbar, supra at 109. Plaintiff has not made any allegation that Hibernia's alleged discrimination compelled her resignation. Therefore, we do not believe that Davis has stated a cause of action for constructive discharge.
Davis also argues that Hibernia intentionally inflicted emotional distress. However, she fails to allege in her petition facts that rise to the level of outrageous conduct necessary to recover for a claim for intentional infliction of severe emotional distress. King, supra at 108. Plaintiff has not stated a cause of action for intentional infliction of emotional distress.

CONCLUSION
Because plaintiff has not stated a cause of action for any conduct occurring within the prescriptive period, we find no reason to reverse the trial court's granting of the exception of prescription. We affirm the judgment of dismissal of the action.
AFFIRMED.
JONES, J., DISSENTS WITH REASONS.
MURRAY, J., DISSENTS FOR THE REASONS ASSIGNED BY Judge JONES.
JONES, J. DISSENTING WITH REASONS.
The majority concludes that the trial court did not err in granting the defendant's, Hibernia National Bank, exception of prescription. The majority also agrees with Hibernia's argument that the plaintiff, Ms. Davis, failed to demonstrate that her claims in discrimination had not prescribed. I respectfully disagree.
The majority must take note of the fact that prescription is to be liberally construed in Louisiana. (citation omitted)
Among other allegations in her petition for damages, Ms. Davis alleges that she was subjected to discrimination and was "constructively discharged" from her employment with Hibernia. Ms. Davis also alleges that the discrimination continued until she was compelled to seek other employment.
In discussing the concept of constructive discharge, the majority quotes from our opinion in King v. Dunbar, 97-2519 (La. App. 4 Cir. 6/3/98), 716 So.2d 104, cert. granted, 729 So.2d 579 (Louisiana Supreme *66 Court), wherein this Court said that a petitioner had only one year after injury or damage was sustained to file suit, because the one-year liberative prescription period for delictual actions applied to all of her claims. However, the majority ignores the balance of the reasoning set forth in King, vis a vis, that "[i]n constructive discharge situations, the employee's employment is not actually terminated by the employer. Rather, an employee is constructively discharged when the employer's discrimination creates working conditions that are so intolerable that the employee feels compelled to resign. Therefore, being subjective in nature because it is based on the plaintiff's perception of what is intolerable, constructive discharge occurs when the plaintiff deems it to have occurred."
Thus, under King, Ms. Davis determines when the constructive discharge is deemed to have occurred. Recently however, certiorari has been granted by the Supreme Court in King. The Supreme Court's grant of certiorari in King may require us to rethink our positions. This Court's reliance, including the dissent, upon King, may be premature because King may be either affirmed or reversed. However, until the Supreme Court states otherwise, I will continue to maintain that the trial court erred when it found that Ms. Davis' claim in racial discrimination had prescribed. Clearly, Ms. Davis filed suit within one year of her departure from Hibernia. Further, Ms. Davis resigned and was compelled to seek other employment because of her inability to tolerate the racial discrimination. Therefore, Ms. Davis' suit was timely filed within one year of her departure and was well within the one-year liberative prescriptive period.
Finally, lest we forget, the trial court did not grant the appellee's motion for summary judgment. Instead, the trial court granted the exception of prescription. Considering that the appellant filed her suit within one year of her constructive discharge, the majority errs when they determine that all of Ms. Davis' claims had prescribed prior to instituting the present suit. For these reasons, I dissent.
MURRAY, J., dissents for the reasons assigned by JONES, J.
NOTES
[1] Clearly, denial of an application for supervisory jurisdiction neither precludes the parties from trying the issue of prescription nor provides the law of the case for this issue.