888 So.2d 947 (2004)
Sam P. CICHIRILLO
v.
AVONDALE INDUSTRIES, Inc., Hopeman Brothers, Inc., Individually as Alleged Successor in Interest to its Former Wholly-Owned Subsidiary, Wayne Manufacturing Company, Inc., Uniroyal, Inc., Charles Johnson, Eagle, Inc., Reilly-Benton Company, Inc., et al.
No. 2004-CA-0131.
Court of Appeal of Louisiana, Fourth Circuit.
October 27, 2004.
*948 Stephen B. Murray, Jr., Julie A. Ardoin, Murray Law Firm, New Orleans, Louisiana, for Plaintiff/Appellant.
Dominic J. Ovella, Valerie T. Schexnayder, Michael H. Abraham, Hailey, McNamara, Hall, Larmann & Papale, Metairie, Louisiana, for Defendant/Appellee, The Flintkote Company.
Gary A. Lee, Richard M. Perles, Johanna G. King, Lee, Futrell & Perles, L.L.P., New Orleans, Louisiana, for Defendant/Appellee, Peter Territo.
Kaye N. Courington, Blaine A. Moore, Duncan & Courington, L.L.C., New Orleans, Louisiana, for Defendants/Appellees, Hopeman Brothers, Inc., Individually and as Successor in Interest to its Formerly Wholly-Owned Subsidiary, Wayne Manufacturing, Inc., and Charles Johnson.
Forrest Ren Wilkes, Holly E. Ramsey, Lezly L. Petrovich, New Orleans, Louisiana, and of Counsel: Forman Perry Watkins Krutz & Tardy LLP, Jackson, Mississippi, for Defendants/Appellees, Owens-Illinois, Inc. and Uniroyal, Inc.
Brian C. Bossier, Edwin A. Ellinghausen, III, Erin H. Boyd, Blue Williams, L.L.P., Metairie, Louisiana, for Defendant/Appellee, Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.
(Court composed of Judge CHARLES R. JONES, Judge JAMES F. McKAY III, Judge ROLAND L. BELSOME).
JAMES F. McKAY III Judge.
During the period of time from 1942 to 1984, Sam P. Cichirillo was exposed to asbestos and asbestos-containing products. From 1942 to 1961, Mr. Cichirillo served in the United States Navy, while from 1961 to 1984, he was employed as an electrician by Avondale Industries, Inc.
In March of 1992, Mr. Cichirillo and other plaintiffs filed a lawsuit against numerous *949 defendants in the Circuit Court of Jackson County, Mississippi for asbestos related injuries.[1] In their complaint, the plaintiffs generally alleged that they or their decedents had received injuries from one or more of the following conditions: asbestosis, pulmonary or bronchogenic carcinoma, mesothelioma, impaired pulmonary capacity, reduced lung volume, pleural plaques, interstitial lung fibrosis, cardiac and circulatory disease, increased susceptibility to one of the foregoing diseases and other illnesses, physical and mental anguish associated with one or more of the preceding conditions, and death.
In May of 1999, Mr. Cichirillo was diagnosed with mesothelioma. On December 11, 2002, Mr. Cichirillo filed a suit for damages against Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., the Flintkote Company, Peter Territo, Owens-Illinois, Inc. and Uniroyal, Inc., and Hopeman Brothers, Inc., individually and as successor in interest to its formerly wholly-owned subsidiary, Wayne Manufacturing, Inc., and Charles Johnson alleging that he contracted mesothelioma as a result of his occupational exposure to asbestos. All of the defendants filed exceptions of prescription based on the fact that this lawsuit was filed some nineteen months after Mr. Cichirillo was diagnosed with mesothelioma. On September 5, 2003, the trial court ruled that the plaintiff's claim was prescribed by law.[2] Mr. Cichirillo now appeals the dismissal of his case.
On appeal, the plaintiff raises two assignments of error: 1) the trial court erred in holding that the prescriptive period in Louisiana had run as to plaintiff's cause of action for mesothelioma as the plaintiff has an ongoing complaint filed in a court of competent jurisdiction and venue in Mississippi which operates to interrupt the prescriptive period in Louisiana; and 2) the trial court erred in holding that the prescriptive period had not been interrupted by the plaintiff's timely filing of a complaint in a court of proper jurisdiction and venue in which plaintiff sought damages for asbestos related injuries from others with whom present defendants are joint and solidary obligors.
Louisiana Civil Code Article 3462 provides that "[p]rescription is interrupted when the owner commences action against the obligor, in a court of competent jurisdiction and venue." Furthermore, in Taylor v. Liberty Mutual Ins. Co., 579 So.2d 443 (La.1991), the Louisiana Supreme Court held that prescription is interrupted when "an obligee commences an action against his oblogor that is timely in a court of competent jurisdiction and venue under the law of the forum state, regardless of whether the forum is Louisiana." In that case, the Supreme Court also reiterated the understanding that absent clear legislative intent, prescriptive statutes which can be given more than one reasonable interpretation should be construed to maintain rather than bar the action. Id. at 444.
In the instant case, Mr. Cichirillo timely filed a cause of action in Mississippi, in a court of both competent jurisdiction and venue. In the Mississippi complaint, Mr. Cichirillo reserved his right to bring an action for damages as a result of asbestos-related injuries, including mesothelioma. Although Mr. Cichirillo was diagnosed with mesothelioma in May of 1999 and did not file his Louisiana lawsuit until December *950 11, 2002, his Mississippi lawsuit was still pending.
Although asbestosis and mesothelioma are two separate and distinct diseases,[3] the situation we have in the instant case is somewhat perplexing. When Mr. Cichirillo filed his lawsuit in Mississippi, he was suffering only from asbestosis. However, in that same lawsuit mesothelioma was one of the conditions that the plaintiffs generally listed that either they or their decedents had received injuries from. The question is whether this is enough to interrupt prescription in the instant case. Even though Mr. Cichirillo's mesothelioma had not manifested itself at the time the Mississippi lawsuit was filed, the mesothelioma occurred as a result of the same exposure which caused the injuries he was suffering from at the time. Furthermore, because of the nature of prescription, prescriptive statutes are strictly construed against prescription and in favor of the obligation to be enforced. See Lima v. Schmidt, 595 So.2d 624, 629 (La.1992). Of two possible constructions of a prescription statute, one barring the action and one maintaining it, the statute will be read in such manner as to maintain the obligee's claim. See Lima, 595 So.2d at 629. Accordingly, the filing of the Mississippi complaint should operate to interrupt the prescriptive period in Louisiana.
According to Louisiana Civil Code Article 1799, "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs." Louisiana Civil Code Article 3462 provides that prescription is interrupted when "the obligee commences action against the obligor, in a court of competent jurisdiction and venue." Furthermore, "[an interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service within the prescriptive period continues as long as the suit is pending.]" La. C.C. art. 3464.
In the instant case, none of the defendants named in Mr. Cichirillo's petition for damages, with the exception of Flintkote, disputes that they are joint and solidary obligors with the defendants named in Mr. Cichirillo's complaint filed in Mississippi. Rule 8 of the Mississippi Code of Civil Procedure provides that Mississippi is a notice pleading state. Accordingly, fair notice was provided to the defendants because Mr. Cichirillo's suit filed in 1992 specifically reserved his right to seek relief for mesothelioma, the disease which gives rise to the Louisiana litigation. Therefore, prescription against these defendants was interrupted when Mr. Cichirillo filed his Mississippi lawsuit, which was still pending at the time the instant suit was filed.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Wesley Williams, et al. v. GAF Corporation, et al.
[2] More specifically, the trial court heard the exception of prescription filed by Peter Territo and found it unnecessary to hear the other related exceptions.
[3] Cole v. Celotex Corp., 599 So.2d 1058, 1084-85 (La.1992), (J. Dennis, concurring).