WALTER J. ROTHSCHILD, Judge.
| ¡¡This litigation arises out of a contract for the purchase of immovable property executed between the parties on January 31, 2008. Following a bench trial, the court rendered judgment in favor of plaintiff. Plaintiff now appeals from this judgment. We affirm.
*876 On December 17, 2009, Diane R. Schnell filed the instant Petition for Damages and Intentional Interference with Contract naming as defendants Anthony Mendoza and Jane Wallain Mendoza wife of/and Hil-man Mendoza. Plaintiff alleges that she entered into a bond for deed contract with defendants for certain property located in Jefferson Parish.[1] By this agreement, defendants agreed to deliver title of the property to plaintiff after payment of monthly installments and a final stipulated sum to defendants. Plaintiff alleges in the petition that defendants interfered with the performance of the contract by concealing defects in the property, failing to make repairs and misrepresenting that property was free of [«¡encumbrances. Plaintiff alleged that she was damaged as a result of breach of the agreement, and that she was forced to incur additional expenses to enjoy quiet enjoyment and peaceful possession of her home. Defendants filed an answer, generally denying all allegations of the petition.
In April of 2010, plaintiff received a Notice to Vacate the subject property for violation of the contract between the parties, including failure to pay and late payment of installments due. Thereafter, plaintiff filed a Notice of Lis Pendens in these proceedings and also sought and obtained from the trial court a temporary restraining order preventing alienation of the property while her claims against defendants were pending.
This matter was tried in a bench trial on September 27, 2011 and was taken under advisement. On December 6, 2011, the trial court rendered judgment in favor of Diane R. Schnell and against Hilman and Jane Mendoza in the amount of $10,760.75, plus costs and interest from the date of judicial demand. On the same date, the trial court issued reasons for judgment indicating that the judgment represented damages in the form of repair costs noted in the inspection report which should have been incurred by defendants.
Diane R. Schnell has filed a devolutive appeal from this judgment on the basis that the trial court erred in failing to determine that the bond for deed contract failed due to fault of defendants, thereby entitling plaintiff to the return of the deposit payment made on the property and well as return of mortgage, insurance and tax payments made by plaintiff. Ms. Schnell argues that such claims are encompassed by the scope of her petition for damages or that her pleadings were expanded at trial to include rescission of the contract and return of all sums paid.
Defendants contend that the trial court judgment is correct as plaintiff failed to assert a claim to rescind the bond for deed contract and further that the evidence ^presented at trial does not support a rescission of the contract by plaintiff. Defendants argue that the only evidence presented at trial was submitted in pursuit of the specific damage claim asserted in plaintiffs petition, and therefore the evidence presented did not enlarge the scope of plaintiffs pleading.
At trial, Ms. Schnell testified that she entered into a bond for deed contract in January of 2008 with the Mendozas for a home in Kenner. A copy of the contract was introduced into evidence, and provided that Ms. Schnell was to pay $45,000 at the time the contract was executed, $2,068.45 in monthly installments, and the remaining balance in February of 2011. She was also required to maintain insurance and pay taxes on the property. Ms. Schnell stated that although the contract also provided *877 that no existing mortgages applied to the property, she later discovered that two home equity mortgages as well as a lien existed at the time the contract was executed, and these encumbrances remained in effect until she brought the present litigation.
Ms. Schnell stated that she moved into the home in February of 2008 and immediately began experiencing problems with the home. She stated that many of the problems were noted on the Inspection Report prepared prior to the sale and the sellers had promised to repair these issues prior to the time she moved in. She stated she informed Anthony Mendoza of the problems but he failed to resolve the issues in a satisfactory manner. Ms. Schnell stated that she personally contracted for the repairs and paid the invoices herself. Evidence in the record includes several invoices and receipts and cancelled checks for payments for repair services relating to the Kenner home.
Ms. Schnell also testified that she paid the monthly installment payments as well as payments for taxes and insurance pursuant to the bond for deed contract through December of 2009. She stated that at this time, Mr. Mendoza cancelled Isthe contract. She therefore discontinued making the installment payments and filed the present lawsuit for damages and interference with the contract.
Anthony Mendoza testified at trial that he is the son of Jane and Hilman Mendoza, the owners of the subject property, and that he acted as his parents’ agent in the sale of the home to Ms. Schnell. Mr. Mendoza stated that his parents agreed to execute a bond for deed contract, and that he was aware that the home was inspected prior to the transfer. Mr. Mendoza stated that he approved a list of repairs to the home which were completed prior to the closing, and he submitted evidence of his response to the inspection report, although he did not produce receipts of the actual services rendered. Mr. Mendoza stated that he authorized the cancellation of the bond for deed contract in December of 2009 for Ms. Schnell’s actions in failing to timely pay the note, failing to pay late fees, and failing to pay for the necessary insurance for the home.
In rendering judgment in favor of Ms. Schnell, the trial court awarded her $10,760.75, plus costs and interest. In its reasons for judgment, the trial court found that Ms. Schnell established at trial that Mr. Mendoza misrepresented the condition of the property and failed to make agreed upon repairs as outlined in the home’s inspection report. The amount of the award reflected the repair receipts submitted into evidence. The trial court further found that the bond for deed contract was not voided by defendants’ failure to disclose encumbrances on the property. However, the court found that the issue of cancellation of the contract due to Ms. Schnell’s failure to make contractual payments was not placed before the court and thus, the award of damages could only include receipts for repairs which were covered by the inspection report.
By this appeal, Ms. Schnell contends that the trial court erred in failing to find that the bond for deed contract was invalidated by the Mendozas’ actions, and |fiin failing to award plaintiff the return of the deposit made on the property, the monthly mortgage payments, as well as insurance and tax payments. For the reasons stated herein, we find these arguments to be without merit.
It is well established that Louisiana utilizes a system of fact pleading. Cox. v. W.M. Heroman & Co., 298 So.2d 848, 855 (La.1974), overruled, on other grounds by A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp., 94-2011 (La.6/30/95), 657 *878 So.2d 1292, 1299. Fact pleading advances several goals of the petition, such as satisfying the defendant’s constitutional guarantee of due process by providing the defendant with fair notice, limiting the issues before the court, and notifying the defendant of the facts upon which the plaintiff bases his claims. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 713. The plaintiff need not plead a theory of the case, but only facts that would support recovery. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. Moreover, every pleading must be construed so as to do substantial justice. La. C.C.P. art. 865
According to our code of civil procedure, no technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. La. C.C.P. art. 854. However, even though a theory of the case need no longer be pled, a petition must contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. It shall also conclude with a prayer for judgment for the relief sought. La. C.C.P. art. 891; Greemon v. City of Bossier City, 10-2828 (La.7/1/11), 65 So.3d 1263, 1272.
With these principles in mind, we consider whether Ms. Schnell’s petition in the instant matter pled a cause of action relating to the validity of the bond for deed 17contract before the trial court. The pleading which initiated this matter was entitled “Petition for Damages and Intentional Interference with Contract.” It pled the existence of the bond for deed contract, and stated that damages to plaintiff was “caused by the intentions [sic] interference with said contract by defendants,” namely, affirmative concealment of known defects to the property, failing to disclose a known defect and fraudulently misrepresenting defects and conditions. Plaintiff also alleged that defendant Anthony Mendoza fraudulently misrepresented that the title was free and clear of liens and encumbrances, misrepresented the square footage of the property, misrepresented the age of the roof, and misrepresented repairs completed prior to closing. She further alleged that Mr. Mendoza agreed to make repairs without intent to perform the repairs, and failed to present receipts as proof of said repairs. She averred that she relied on the misrepresentations and suffered damages as a result. Finally, Ms. Schnell alleged that Mr. Mendoza intentionally interfered with the contract by attempting to change the terms of the contract and by continually harassing her and disturbing her quiet possession.
In the final paragraph of the petition, plaintiff alleged as follows:
Petitioner, Schnell, has suffered damages due to the actions of Anthony Mendoza and his representatives [sic] conduct. As a result of seller’s breach of the agreement, plaintiff has been damaged and was forced to incur additional expenses to maintain quite [sic] enjoyment and peaceful possession of her home including, but not limited to those expressed herein and that will be proved at a trial of this matter.
In her prayer, plaintiff prayed generally “for such damages as are reasonable in these premises, together with legal interest thereof from the date of judicial demand, and for all costs of these proceedings.”
| ¡After a careful review of the petition, we find that plaintiffs petition clearly relies on the validity of the contract in asserting her claim for damages for interference with the contract. However, *879 although plaintiff argued at trial that the contract was void from the inception or had been breached, we fail to find that the allegations of the petition can be construed as stating a cause of action for breach of the bond for deed contract. Rather, the clearly stated allegations of plaintiff’s petition sound in tort for damages based on defendants’ acts of misrepresentation, fraud and intentional interference with contract. Plaintiff failed to assert any allegations whatsoever regarding a breach of the bond for deed contract or to provide factual allegations which would support the cancellation of this contract. Further, plaintiff merely sought damages for defendants’ actions on tortious grounds, and failed to sufficiently plead a cause of action for breach of contract which would have entitled plaintiff to damages beyond those for the unfinished repair items listed in the inspection report.
Plaintiff further claims that even if her petition did not specifically allege a cause of action for breach of contract, the scope of her pleading was expanded by the evidence presented at trial, as authorized by La. C.C.P. art. 1154. We disagree.
The general rule is that pleadings may be enlarged by evidence adduced without objection when such evidence is not pertinent to any other issue raised by the pleadings and, hence, would have been excluded if objected to timely. Roberson v. Provident House, 576 So.2d 992, 995 (La.1991). In the present case, we find that all of the evidence presented at trial relates to the cause of action in tort as raised by plaintiffs petition. In her testimony, Ms. Schnell testified as to Mr. Mendoza’s actions in failing to honor his promise to make the repairs as set out in his response to the inspection report. Although she also identified the home Lequity mortgages which she alleged were applicable to the subject property, she testified that Mr. Mendoza misrepresented that the property was free of encumbrances. Although plaintiffs counsel argued in the opening statement that the contract had been breached, plaintiff failed to present testimony or evidence which was unrelated to the claims in tort and which would solely support a cause of action for breach of contract such that defendants would have been put on notice that such a claim was being asserted.
Our review of applicable law and the evidence in the record fails to indicate that the pleadings in this case were enlarged to encompass a cause of action for breach of contract. We therefore conclude that the issue of the cancellation of the bond for deed was not at issue in the present litigation and the trial court did not err in failing to consider such a cause of action.
In ruling in favor of plaintiff, the trial court in this ease found that plaintiff presented sufficient evidence to prove that Anthony Mendoza on behalf of his parents promised to make repairs to the subject property yet failed to honor this promise. The court awarded damages based on the repair receipts presented by plaintiff at trial. Defendants do not take issue with this judgment against them, and we fail to find that the trial court’s ruling is clearly wrong. Accordingly, the judgment in favor of plaintiff Diane R. Schnell and against Jane and Hilman Mendoza is hereby affirmed. Plaintiff shall bear all costs of this appeal.

AFFIRMED

. The named sellers were Jane and Hilman Mendoza; however, their son Anthony Mendoza was given power of attorney to conduct all transactions in this matter.