JOY COSSICH LOBRANO, Judge.
LThe plaintiff, Darrell Turner, appeals the trial court’s October 23, 2013 judgmént granting the peremptory exception of prescription filed by the defendants, Hidden Lake, LLC of AL (“Hidden Lake”) and Liberty Surplus Insurance Corporation (“Liberty”), as to Turner’s first supplemental and amending petition for damages. The trial court dismissed Turner’s claims related to an alleged fall occurring on October 1, 2011 that were asserted in the first supplemental and amending petition.
On July 20, 2012, Turner filed a petition for damages in the First City Court of the City of New Orleans, naming as defendants Hidden Lake and Liberty. In the petition, he alleged that on August 14, 2011, he slipped and fell because of water that was leaking from an air conditioning window unit in the kitchen of his apartment in the Hidden Lake Apartments complex in New Orleans that is owned by Hidden Lake and insured by Liberty. Turner alleged that the leaking air conditioning unit was a defective condition that created an unreasonable risk of harm, and that Hidden Lake, as the owner of the building and air conditioning unit, failed to timely correct this problem and/or warn him of the risks, thus resulting in a fall that caused him serious injuries and damages.
|;>On December 28, 2012, Turner filed a first supplemental and amending petition for damages that reiterated his allegations about his August 14, 2011 fall, and added a new allegation that he had suffered another fall on October 1, 2011 as a result of the same leaking air conditioning unit that had caused the earlier fall. He further alleged that the air conditioning unit had leaked water continually since his first fall, and that this defective condition had created an unreasonable risk of harm that the owner of the building had failed to timely correct. Turner also alleged that he had suffered additional injuries as a result of the second fall as well as an aggravation of his injuries from the first fall. Because the damages alleged from both accidents exceeded the jurisdictional limits of First City Court, the case was transferred to the Civil District Court for the Parish of Orleans.
On June 25, 2013, Hidden Lake and Liberty filed a peremptory exception of prescription to the first supplemental and amending petition for damages, asserting that Turner’s claims as to the October 1, 2011 fall, which were alleged for the first time on December 28, 2012, had prescribed. Turner opposed the exception, arguing that the damages he allegedly sustained on October 1, 2011 arose out of the same conduct, transaction, or occurrence as set forth in his original petition, and *68 resulted in continuous damages and continuous injuries to him. He argued that his original petition sufficiently alleged a continuing tort, i.e., the continuous leaking air conditioning unit; thus, the allegations of the December 28, 2012 first supplemental and amending petition relate back to the timely filed original petition. In reply, Hidden Lake and Liberty argued that Turner had alleged two [ 3separate events, i.e., a fall on August 14, 2011 and a second fall on October 1, 2011, and had not alleged facts establishing a continuing tort as required under Louisiana’s continuing tort doctrine.
At the hearing of the exception, the parties introduced evidence: pleadings, Turner’s deposition, and other documentary evidence. The trial court granted the exception of prescription as to Turner’s first supplemental and amending petition, and dismissed Turner’s claims relating to the alleged fall of October 1, 2011. This timely appeal followed.
On appeal, Turner presents the following arguments in support of his assignment of error, arguing that the trial court erred in granting the exception of prescription:
(1) The original petition for damages interrupted prescription as of the date of the filing of the original petition for damages as the continuous leaky air conditioner breached the defendants’ duty owed, causing his continuous damages and injuries. Thus, prescription was interrupted and his October 1, 2011 claim has not prescribed.
(2) The cause of action asserted in his first supplemental and amending petition arises out of the conduct, transaction, or occurrence, i.e., the leaky air conditioning unit, as set ⅛ forth in the original petition. Thus, the first supplemental and amending petition relates back to the date of the filing of the original petition; therefore, the October 1, 2011 claim is not prescribed.
In Davis v. Hibernia Nat’l Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61, this court discussed the exception of prescription as follows:
An exception of prescription is a peremptory exception, which a defendant-may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. LSA-C.C.P. arts. 927 Land 928(B). LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. The trial court is not bound to accept as true the allegations of plaintiffs petition in its trial of the peremptory exception. Bowers v. Orleans Parish School Bd., 95-2530 (La.App. 4 Cir. 5/29/96); 694 So.2d 967, 972. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. Id.
Id. at 2, 732 So.2d at 63.
Because evidence was introduced at the trial of the exception of prescription, we review the trial court’s ruling under the manifest error standard.
We find no merit in Turner’s argument that prescription in this case was interrupted in accordance with or by application of the continuing tort doctrine. “The continuing tort doctrine is a jurispru-dentially recognized exception to the general rules of prescription.” Watters v. *69 Dep’t of Social Services, 2008-977, p. 43 (La.App. 4 Cir. 6/17/09), 15 So.3d 1128, 1158. In Risin v. D.N.C. Investments, L.L.C., 2005-415 (La.App. 4 Cir. 12/7/05), 921 So.2d 133, this Court discussed the prescriptive period for delictual actions and the continuing tort doctrine as follows:
Generally, Louisiana jurisprudence requires that courts strictly construe prescriptive statutes against finding that the case has prescribed and in favor of maintaining the cause of action. Lima v. Schmidt, 595 So.2d 624, 629 (La.1992); Cichirillo v. Avondale Industries, 04-0131 (La.App. 4 Cir. 10/27/04), 888 So.2d 947, 950. Therefore, when a case is subject to two possible constructions, the court should adopt that construction which favors maintaining, rather than barring, the action. Id.
IsThe prescriptive period for delictual actions is one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. One of the exceptions to this rule is the jur-isprudentially recognized doctrine of continuing tort. The continuing tort exception only applies when continuous conduct causes continuing damages. Bustamento v. Tucker, 607 So.2d 532, 542 (La.1992). Where the cause of the injury is a continuous one giving rise to successive damages, prescription does not begin to run until the conduct causing the damage is abated. South Central Bell Telephone Co. v. Texaco Inc., 418 So.2d 531, 533 (La.1982).
Id., pp. 3-4, 921 So.2d at 135-136.
“In order to allege a continuing tort, a plaintiff must allege both continuous action and continuous damage.” Stanford v. Administrators of Tulane Educational Fund, 2007-0678, pp. 8-9 (La.App. 4 Cir. 1/9/08), 975 So.2d 104, 109-110. The only cause of action alleged in Turner’s original petition was the August 14, 2011 fall caused by water leaking from an air conditioning unit. The original petition did not include any allegations of continuous damage resulting from the leaky air conditioning unit, even though Turner’s second fall allegedly had occurred more than eight months prior to his filing of that petition. Accordingly, prescription was not interrupted by the continuing tort doctrine in this case.
As for Turner’s argument that his first supplemental and amending petition relates back to his original petition, we consider the rules regarding Louisiana’s system of fact pleading, which were summarized in the case of Schnell v. Mendoza, 2012-272 (La.App. 5 Cir. 11/13/12), 105 So.3d 874, as follows:
It is well established that Louisiana utilizes a system of fact pleading. Cox. v. W.M. Heroman & Co., 298 So.2d 848, 855 (La.1974), overruled on other grounds by A. Copeland Enterprises, Inc. v. Slidell Memorial Hosp., 94-2011 (La.6/30/95), 657 So.2d 1292, 1299. Fact pleading advances several goals of the petition, such Ras satisfying the defendant’s constitutional guarantee of due process by providing the defendant with fair notice, limiting the issues before the court, and notifying the defendant of the facts upon which the plaintiff bases his claims. Fitzgerald v. Tucker, 98-2313 (La.6/29/99), 737 So.2d 706, 713. The plaintiff need not plead a theory of the case, but only facts that would support recovery. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. Moreover, every pleading must be construed so as to do substantial justice. La. C.C.P. art. 865
According to our code of civil procedure, no technical forms of pleading are required. All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be *70 set forth in numbered paragraphs. La. C.C.P. art. 854. However, even though a theory of the case need no longer be pled, a petition must contain a short, clear and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. It shall also conclude with a prayer for judgment for the relief sought. La. C.C.P. art. 891; Greemon v. City of Bossier City, 10-2828 (La.7/1/11), 65 So.3d 1263, 1272.
Id., p. 6, 105 So.3d at 877-878.
As stated above, the only cause of action alleged in Turner’s original petition was the August 14, 2011 fall, which was allegedly caused by the leaking air conditioning unit. The original petition did not mention the October 1, 2011 fall (even though the petition was filed on July 20, 2012), and did not include any allegation that the leaking air conditioning unit was a continuous problem causing continuous injury to Turner. Turner’s first mention of continuous conduct regarding the leaking air conditioning unit was in his first supplemental and amending petition, filed on December 28, 2012. In that petition, he also alleged for the first time the October 1, 2011 fall and injuries caused by that fall.
Turner contends that his first supplemental and amending petition relates back to his original petition because the dam-' ages and injuries alleged in the first 17supplemental and amending petition arose out of the same conduct, transaction or occurrence that was set forth in the original petition, i.e., the leaky air conditioning unit and resulting damages.
La. C.C.P. article 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in ' the original pleading, the amendment relates back to the date of filing the original pleading.
Pursuant to this article, if a comparison of the amended petition to the original petition shows that the original petition gave fair notice of the factual situation out of which the amended petition arises, the amended petition will relate back to the date of the filing of the original petition. Reese v. State, Dep’t of Public Safety and Corrections, 2003-1615, p. 6 (La.2/20/04), 866 So.2d 244, 248; Giroir v. South Louisiana Med. Ctr., Div. of Hospitals, 475 So.2d 1040 (La.1985); Hennessey Constr. Corp. v. Halpern, 2003-1935, p. 4 (La.App. 4 Cir. 6/23/04), 879 So.2d 340, 343. “Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and supplemental party, amendment should be allowed and excepted from the interests intended to be protected by the prescriptive statutes.” Reese, 2003-1615 at p. 6, 866 So.2d at 248-249 (citing Baker v. Payne & Keller of Louisiana, Inc., 390 So.2d 1272, 1275 (La.1980); Tate, J., Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 234 (1969)).
The allegations of Turner’s original petition did not sufficiently put the defendants on notice that the leaking air conditioning unit that allegedly had caused the August 14, 2011 fall was an ongoing problem. The trial court found that the claims of Turner’s original and first supplemental and amending petitions | involved two separate and distinct events. Because we find no manifest error in that conclusion, we agree that there were not sufficient facts pled in the original petition for the trial court to find that the original petition gave defendants notice of Turner’s amended claims. Therefore, the claims asserted in Turner’s first supplemental and amending petition *71 do not relate back to the filing of the original petition.
We find that the trial court did not err in ruling that Turner’s claims relating to the October 1, 2011 fall are prescribed. Accordingly, we affirm the trial court’s October 23, 2013 judgment granting defendants’ exception of prescription as to Turner’s first supplemental and amending petition, and dismissing Turner’s claims related to the alleged event of October 1, 2011.
AFFIRMED.