JAMES F. MCKAY III, CHIEF JUDGE
1,111 this negligence action, the plaintiff, Cynthia Dent, appeals the district court’s granting of an exception of prescription in favor of the defendants, Genevieve Willis Dent and State Farm Fire and Casualty Company, and the dismissal of her claim. We affirm.
FACTS AND PROCEDURAL HISTORY
On April 20, 2014, Cynthia Dent stepped into a hole covered by a green outdoor carpet in the backyard of the home of Genevieve Willis Dent, located at 1314 St. Roch Street in New Orleans. This accident happened following Easter Sunday lunch.
Following the accident, Cynthia Dent saw a doctor on Tuesday, April 22, 2014. She presented at the doctor with complaints of a swollen and painful big toe on her left foot; she .also thought she may have had a sprained ankle. The doctor took x-rays and diagnosed her with a broken left foot.
On April 23, 2015, Cynthia Dent filed a petition for damages against Genevieve Willis Dent and her insurer, State Farm Fire and Casualty Company. | ?F oil owing some discovery, Genevieve Willis Dent and State Farm filed a peremptory exception of prescription on March 31, 2016. A hearing on the exception was held on May 27, 2016. On June 15, 2016, the trial court issued a judgment and reasons for judgment granting State Farm’s exception of prescription. However, this judgment was deficient because it failed to mention Genevieve Willis Dent and because it failed to contain decretal language. Therefore, counsel for the defendants after consultation with counsel for plaintiff, filed a motion to amend judgment by consent on June 23, 2016. Thereafter, the trial court issued an amended judgment on July 22, 2016, which granted the exception of prescription on behalf of both defendants and dismissed the lawsuit. It is from this judgment that Cynthia Dent now appeals.
DISCUSSION
In reviewing a peremptory exception of prescription, an appellate court will review the entire record to determine whether the trial court’s finding of fact was manifestly erroneous. Davis v. Hibernia National Bank, 98-1164 (La.App. 4 Cir. 2/24/99), 732 So.2d 61. When evidence is received on the trial of the peremptory exception of prescription, the factual conclusions of the trial court are reviewed by the appellate court under the manifest error-clearly wrong standard as articulated in Stobart v. State, Through DOTD, 617 So.2d 880 (La. 1993). If the findings are reasonable in the light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it | swould have weighed the evidence differently. Carter v. Haygood, 2004-0646, p. 9 (La. 1/19/05), 892 So.2d 1261, 1267.
In the instant case, Cynthia Dent’s claims for injury due to negligence are delictual actions subject to the liberative prescription of one year. La. C.C. art. 3492. Ordinarily, “prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort.” Bailey v. Khoury, 04-0620, 04-0647, 04-0684, p.10 (La. 1/20/05), 891 So.2d 1268, 1276 citing Campo v. Correa, 2001-2707, p. 11 (La. 6/21/02), 828 So.2d 502, 510. “A prescriptive period will begin to run even if the injured party does not have actual knowledge of the facts that would entitle him to bring a suit as long as there is constructive knowledge of the same.” Campo, supra at p. 12, 828 So.2d at 510. An injured party has constructive notice when he or she possesses information sufficient to incite curiosity, excite attention, or put a reasonable person on guard *197 to call for inquiry, and includes knowledge or notice of everything to which that inquiry might lead. Id. The ultimate issue is the reasonableness of the plaintiffs action or inaction in light of his education, intelligence, and the nature of the defendant’s conduct. Id.; Bailey, 04-0620, 04-0647, 04-0684, p. 10, 891 So.2d at 1276.
In the case sub judice, since the plaintiff filed her first lawsuit more than one year after her accident and injury, her claims are prescribed on their face. See Dominion Exploration, Inc. v. Waters, 2007-0386, 2007-0287 (La.App. 4 Cir. 11/14/07), 972 So.2d 350; Turner v. Hidden Lake, LLC, 2014-0240 (La.App. 4 Cir. 3/4/15), 163 So.3d 66; writ denied, 2015-0641 (La. 5/22/15), 171 So.3d 253. Her accident occurred on April 20, 2014, but she did not file her lawsuit until April 23, 2015.
The plaintiff attempts to overcome the effects of the dne year prescriptive period by invoking the principle of contra non valentem. Contra non valentem, an exception to the rule of prescription, is only applicable where one of four circumstances is present. In Bayou Fleet, Inc. v. Bollinger Shipyards, Inc., 2015-0487, 2015-0702 (La.App. 4 Cir. 7/21/16), 197 So.3d 797, our Court articulated these four circumstances as follows:
... (1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from availing himself of his cause of action; (3) where the defendant himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendants.
Id. at 806, quoting Wells v. Zadeck, 2011-1232, pp. 8-9 (La. 3/30/12), 89 So.3d 1145, 1150.
However, the plaintiff has not presented any facts or evidence to show that any of the four circumstances enumerated above are present in the instant case. The argument made by the plaintiff in this case is similar to the argument made by the plaintiff in Alvarez v. Southeast Commercial Cleaning, 2013-0657 (La.App. 5 Cir. 2/26/14), 136 So.3d 329. In that case, the plaintiff claimed that the doctrine of contra non valentem extended the prescriptive period because she did not initially know the full extent of her injuries. In determining that the doctrine was not inapplicable, the Fifth Circuit stated: “Even if she did not know the extent of the injury she had sustained as a result of her fall, she was surely aware on the date of her fall (January 30, 2011) that she had sustained some type of damage in the incident causing her to seek medical attention.” Id. at 337. The same is true in the instant case. Cynthia Dent was aware of the date she stepped into the hole (April 20, 2014) and knew that the incident caused her to seek medical attention (she thought she might have sprained her ankle). Accordingly, she is unable to invoke the doctrine of contra non valentem in this instance.
CONCLUSION
For the above and foregoing reasons, we affirm the district court’s maintaining the peremptory exception of prescription in favor of the defendants, Genevieve Willis Dent and State Farm Fire and Casualty Company, and the dismissal of the claim of the plaintiff, Cynthia Dent.
AFFIRMED