| | | |
|---|---|---|
| **DAVID L. MCGAHA AND MELISSA B. MCGAHA** | * | **NO. 2021-CA-0244** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **FRANKLIN HOMES, INC., GULF COAST MOBILE HOMES, INC., LANDRY MOBILE HOME TRANSPORTERS, INC., AND NTA, INC.** | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |
| | * | |

**\* \* \* \* \* \* \***

**LOBRANO, J. DISSENTS IN PART, CONCURS IN PART, AND ASSIGNS REASONS.**

I concur in part and find that the district court properly dismissed all claims against Landry Mobile Home Transporters, Inc. However, I would vacate the portion of the judgment of the district court pertaining to Gulf Coast Mobile Homes, Inc., Franklin Homes, Inc., and NTA, Inc. and remand for further proceedings. I find that a trial on the merits is necessary to develop facts relevant to prescription and peremption[1] in this case with respect to these defendants and, particularly, allegations of contractual fraud.[2] This case involves underpinnings of fraud, bad faith, and misrepresentation throughout the various causes of action set forth in the McGahas' petition.[3] I am concerned that the district court and the majority's opinion conflating a review of causes of action with that of prescription

---

[1] *See Allen v. Michaels Dev. Co. I, LP*, 20-0330, pp. 7-8 (La. App. 4 Cir. 12/9/20), 312 So.3d 647, 652; *Caro v. Bradford White Corp.*, 96-0120, p. 10 (La. App. 5 Cir. 7/30/96), 678 So.2d 615, 619.

[2] La. C.C. art. 1953, *et seq.*

[3] I recognize the importance of foreclosing litigation due to the passage of time; however, in certain cases, the policies supporting prescription may be outweighed by a need for thorough legal and factual reviews by the courts. Cases alleging fraud, unequal accessibility, unjust advantages, and/or bad faith and solidarity of home sellers, designers, and manufacturers are often those type of cases that require a full evidentiary hearing or trial on the merits in the interest of justice and the promotion of the common good. Particularly, a determination on these important issues would promote the general welfare of many coastal communities and residents in coastal Louisiana residing in modular homes that were designed and manufactured to withstand hurricane force winds of 140 miles per hour and sold accordingly.

and peremption statutes will cause confusion as to what claims or causes of action involving fraud and intentional misrepresentation remain. The nature of a cause of action must be determined before it can be decided which prescriptive or peremptive term is applicable and whether the facts alleging fraud and misrepresentation are sufficient to form the basis of an actionable claim and to toll prescription or to find peremption inapplicable. *dela Vergne v. dela Vergne,* 99-0364, p. 8 (La. App. 4 Cir. 11/17/99), 745 So.2d 1271, 1275; *Ames v. Ohle*, 11-1540, p. 6 (La. App. 4 Cir. 5/23/12), 97 So.3d 386, 391, *decision clarified on reh'g* (7/11/12).

I also note that the issue of whether the evidence presented at the exception hearing is sufficient to establish fraud or intentional misrepresentation is a question of fact, and the fact-finder's determination will not be overturned unless it is manifestly erroneous or clearly wrong. Without a full evidentiary trial, it is difficult to perform an appellate review as to whether McGahas' fraud and intentional misrepresentation allegations are particularly sufficient to toll prescription or to find peremption inapplicable. I find that referring these matters to the merits is warranted in this case.[4]

---

[4] A defendant may raise the exception of prescription "at any time, including on appeal or after the close of evidence, but prior to its submission after trial." *Turner v. Hidden Lake, LLC of AL*, 14-0240, p. 3 (La. App. 4 Cir. 3/4/15), 163 So.3d 66, 68 (quotation omitted). A district court also generally has discretion to refer an exception of prescription to the merits. *Med. Review Complaint by Downing*, 18-1027, p. 23 (La. App. 4 Cir. 5/8/19), 272 So.3d 55, 69 (citing La. C.C.P. art. 929(B)); *Allen*, 20-0330, p. 4, 312 So.3d at 650.